No. 2388
Second Circuit Appeal

---

## JESSE P. BRYAN v. LOUISIANA OIL REFINING CORPORATION

---

(June 30, 1925, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Master and Servant— Par. 160 (i).**

   Where, in an action under Employers' Liability Act No. 20 of 1914, plaintiff executes judgment granting him compensation for fifty-two weeks, he does not thereby acquiesce in that portion of the judgment which was against him.

2. **Louisiana Digest—Master and Servant— Par. 160 (j).**

   In a suit for compensation under Employers' Liability Act No. 20 of 1914 the evidence shows that the fall and injury caused soreness and pain but not a weak hip which plaintiff had for a long time previous to the accident, a judgment for temporary disability is correct.

Appeal from First Judicial District Court of Louisiana, Parish of Caddo. Hon. J. H. Stephens, Judge.

This is a suit for compensation under Employers' Liability Act No. 20 of 1914.

There was judgment for plaintiff and plaintiff appealed.

Judgment affirmed.

Long & Crow, of Shreveport, attorneys for plaintiff, appellant.

Barnette & Roberts, of Shreveport, attorneys for defendant, appellee.

ODOM, Judge. Plaintiff was employed by defendant as a laborer on an oil well at a daily wage of $5.40 and worked seven days a week. On March 27, 1924, while at work, he fell and received an injury to his back and right hip which, he claims, has permanently partially disabled him to do work of any reasonable character, and he asks compensation for three hundred weeks.

Defendant answered denying, generally, the allegations of the petition and especially alleged that it had paid plaintiff all the compensation due him and that the injury plaintiff complained of was trivial and that he had fully recovered and is now able to work as before the injury.

There was judgment in the District Court awarding plaintiff compensation at $18.00 per week for fifty-two weeks, dating from the date of his injury. From this judgment plaintiff appealed.

### ON MOTION TO DISMISS APPEAL

Plaintiff brought this case up on appeal and while the appeal was pending in this court, he had execution issued on the judgment which he obtained in the District Court and collected the amount of the judgment.

In this court defendant filed a motion to dismiss the appeal on the ground of acquiescence.

The motion to dismiss must be overruled.

Plaintiff sued for compensation for 300 weeks and was awarded compensation for only 52 weeks.

Defendant did not appeal.

Plaintiff executed the judgment which granted him compensation for 52 weeks. That was an acquiescence in the judgment to that extent only, and in executing that part of the judgment which was in his favor he did not acquiesce in that portion of it which was against him.

The judgment was in his favor for 52 weeks and against him for 248 weeks. He appealed only from that part of the judgment which was against him.

See: Kittridge vs. Grau, 158 La. 154, 103 South. 723.

The motion to dismiss the appeal is overruled.

## ON THE MERITS

Plaintiff was injured on March 27, 1924, and on trial of the case he was awarded compensation for 52 weeks, evidently because the court considered that he had practically or entirely recovered from his injury at the time of the trial, the judgment being signed February 25, 1925, almost a year from the date of the injury.

It is not disputed that plaintiff received an injury to his hip and back by falling on a piece of iron piping; and, of course, if the testimony shows that this injury caused disability to labor, which disability still exists, he is entitled to compensation during his disability, not exceeding the term fixed in the statute.

But our conclusion is that the testimony shows that whatever disability may have been caused by the injury of which he complains has ceased and that he is entitled to no further compensation.

It seems that plaintiff was on top of an oil tank when he slipped and fell, striking his right hip on an iron pipe. He claims that his hip was fractured and that he has not been able to do any work since.

According to his testimony he got down off the tank after about thirty minutes, "cut the fire down" and then walked about two blocks. He went to a physician, who treated him, and he finally came to Shreveport to Doctor Slicer, a physician employed by the defendant company, who treated him for some time.

Plaintiff says that he does not rest at night, still has pains and that he cannot work; that his muscles are sore and hurt at times; and he says the pains are deep; "seems like it is right in the bone."

Doctor Adair made an X-ray of the plaintiff's injured hip on May 24, 1924, some two months after the accident, and he testified:

"They show the destruction of the shenton line indicating a probable fracture of the neck of the right femur with complete absorption of the neck, shortening of the limb on that side."

He says that this condition was caused by a severe injury to the hip, or that may be congenital; but he says the injury that caused that condition occurred years ago—at least a year ago—and he gave it as his opinion that the patient could not have walked if he had received the injury when he fell.

He explained that there has been a complete absorption of the neck of the femur and gives it as his opinion that the patient's present trouble was not brought about by the condition of his hip.

Doctor J. E. Slicer, the company's physician, attended the plaintiff from April 19, 1924, to May 9, 1924, but, he says, that he did not treat him for any hip trouble but for prostritis. He says that plaintiff complained of his back and said that his pains were caused by the fall, but gives it as his opinion that the present trouble comes from a diseased and enlarged prostate for which he treated him some time. He says that he made a laboratory examination and found evidences of gonorrhea. Both other physicians say that from family history they discovered no disease.

Doctor Slicer gives it as his opinion that if plaintiff had been injured from the fall, as he said he was, and if he had a dislocated hip, as he said he had, he could not have walked.

Doctor G. H. Cassity was called as a witness by plaintiff and testified that plaintiff's right thigh is not normal; that the neck of the femur is gone; that the right thigh is a quarter of an inch smaller than the other; that there is a straining of the muscles and ligaments about the right thigh and lower spine.

He was asked by the court if the fall would account for his whole trouble, and he said:

"No, I do not think so."

He agrees with Doctors Adair and Slicer that the absorption of the neck of the femur could not have taken place since the accident, and he was asked:

"You think that this was perhaps an organic condition?"

And he said:

"I think either congenital condition or else a fractured or diseased condition from early childhood."

"Q. Some previous time?

"A. Yes, sir, might have been during birth, or a fracture early in life that would account for that condition."

He says the fall caused the muscles to be strained; that the plaintiff has a weak hip, and has had for a long time, and he thinks will always have it.

It is in evidence that plaintiff served as a soldier in the late war, and Doctor Cassity was asked if he could have served in that condition, and he says he could, but he thinks he must have limped a little always.

There is no doubt but that the fall caused soreness and pain, but we are convinced that plaintiff's main trouble was not caused by the fall. All the physicians are agreed on that point.

He probably has pains in his back. He says they are deep-seated and seem to be "right in the bone."

According to the physicians, the fall of which the plaintiff complains could have caused soreness only to the muscles; and according to plaintiff's own testimony it seems that his pains are not purely muscular at this time. There is no doubt in our own mind but that plaintiff has long since recovered from the injury which he received in March, 1924.

The lower court granted him compensation for 52 weeks, which he has collected, and there is nothing for this court to do but affirm the judgment.

For the reasons assigned, it is ordered that the judgment of the lower court be affirmed, with costs.