No. 3416

Second Circuit

GRIGSBY v. THE TEXAS COMPANY

(March 12, 1929. Opinion and Decree.)

Julius T. Long, of Shreveport, attorney for plaintiff, appellant.

Pugh, Grimmet and Boatner, of Shreveport, and Spearing and Mabry, of New Orleans, attorneys for defendant, appellee.

ON MOTION TO DISMISS APPEAL.

REYNOLDS, J. Defendant, appellee, obtained from this court an order for plaintiff, appellant, to show cause why his appeal should not be dismissed, on the ground that he had accepted payment of the judgment appealed from and thereby acquiesced in it.

Plaintiff, appellant, filed an exception that no right or cause of action for dismissal was alleged, and, reserving his rights under the exception, should it be overruled, he answered, alleging:

"He avers that he has not voluntarily executed the said judgment of the lower court nor any part thereof.

"That he appealed from the fifty weeks' compensation awarded him by the lower court; that the defendant insisted on paying that amount and did not appeal from the judgment; and because of the fact that the defendant wanted to pay and acquiesce in the judgment to that extent, plaintiff and appellant permitted said payments to be made, from week to week, in no manner intending to abandon his appeal or to waive his right thereto, but expressly writing and telling the attorneys for the defendant that he would not accept the said fifty weeks as full payment but would only give them credit for same.

"That there was no contest at all between them as to fifty weeks at $20.00 per week being due plaintiff, and no effort was being made by defendant to avoid (paying) same, but it was insisting that it be permitted to pay the amount it acknowl-

edged it owed, and plaintiff took same because it did owe that and more.

"That defendant did not pay the costs in this case, nor attempt to pay same, and yet owes same in full, including experts' fees."

The motion to dismiss the appeal is supported by affidavit by one of the attorneys for defendant, appellee—

"That he is one of the attorneys for The Texas Company in that certain suit entitled Ben Grigsby vs. The Texas Company, No. _____ on appeal in the second circuit Court of Appeal, state of Louisiana, and that he knows that Julius T. Long is attorney for Ben Grigsby, plaintiff in the above entitled and numbered suit, and that the said Julius T. Long, for and on behalf of the said Ben Grigsby, accepted, without any condition or reservation, payment of the full sum of the judgment of the lower court in the aforementioned suit, being the amount of $965.75, and that the said payment was expressly made by The Texas Company for the purpose of complying with the said judgment of the lower court and in order to discharge the same, and that Julius T. Long was informed of the fact that it was the intention of the company to avail themselves of such acceptance for obtaining a dismissal of this appeal."

It thus appears that an issue of fact is presented for decision, and as this court is without original jurisdiction in the premises, the case must be remanded to the District Court for trial and judgment on the question.

"Under the Code of Practice, Article 567, when the issue of execution or acquiescence *vel non* is raised in the appellate court, the case will be remanded for further evidence of execution or acquiescence." McCain vs. Nennett, 3 La. App. 397.

It is therefore ordered that this case be remanded to the District Court for the purpose of determining whether plaintiff, appellant, acquiesced in the judgment appealed from.