No. 3699

**Second Circuit**

GLOVER v. WASHINGTON-YOUREE
HOTEL CO., INC.

(December 31, 1929. Opinion and Decree.)

Harry V. Booth, of Shreveport, attorney for plaintiff, appellant.

Pugh, Grimmet & Boatner, of Shreveport, and Spearing & Mabry, of New Orleans, attorneys for defendant, appellee.

WEBB, J. This is an action under the Employers' Liability Law (Act No. 20 of 1914, as amended by Act No. 242 of 1928).

Plaintiff prayed for judgment for compensation under paragraph (c), subsec. 1, sec. 8 (Act No. 242 of 1928, p. 357), which provides that, where the injuries result in partial disability to do work of any reasonable character, the weekly rate of compensation shall be 65 per centum of the difference between the wages received at the time of the injury and the wages which the injured employee is able to earn thereafter during the period of disability, not to exceed 300 weeks.

In answer to the suit, defendant pleaded a general denial, and on trial judgment was rendered awarding plaintiff compensation at the weekly rate claimed, for a period of 20 weeks; and plaintiff appealed.

Defendant moves to dismiss the appeal on the ground that plaintiff had acquiesced in the judgment by issuing execution thereon and forcing the payment of the amount awarded.

The identical question was presented in the cause of Cory vs. Askew (No. 30151 on the docket of the Supreme Court) 125 So. 455, decided December 2, 1929, in which it was held that the plaintiff did not, by issuing execution on the judgment and forcing payment, acquiesce in the judgment, and lose the right to prosecute the appeal.

The motion to dismiss the appeal is therefore denied.