No. 3416

Second Circuit

GRIGSBY v. THE TEXAS COMPANY

(November 7, 1930. Opinion and Decree.)

Julius T. Long, of Shreveport, attorney for plaintiff, appellee-appellant.

Pugh, Grimmet & Boatner and J. N. Marcantel, of Shreveport, and Spearing & Mabry, of New Orleans, attorneys for defendant, appellee-appellant.

DREW, J. The plaintiff, who was injured while in the employ of defendant, brought suit under the Workmen's Compensation Act (Act No. 20 of 1914 as amended) for $20 per week for 400 weeks, alleging that, on January 28, 1928, while working for defendant putting dressing on a belt in the engine room, the sleeve of his right arm was caught on a clamp of moving belt, pulling him into a clutch or wheel, cutting the right side of his head to the skull, seriously and permanently scarring and impairing the nerves and tissues of the right side of his face, seriously and permanently injuring his brain, the sight of his right eye, and the hearing in his left ear, and injuring his nerves generally to such an extent that he has permanently been made unable to do work of any reasonable character. He also claims the sum of $115.75 for hospital services.

Defendant admits the employment and the injury, but denies the extent of the injury claimed by plaintiff, and alleges that plaintiff was paid the sum of $34.28, covering the time he was disabled and until he was ready to go back to work, and alleging that it had paid plaintiff's medical bill, and denying that there was any hospital bill owing. And defendant also denied that plaintiff was disabled for any length of time other than that for which he had been paid by defendant under the Workmen's Compensation Act.

The lower court rendered judgment for plaintiff for $20 per week for 50 weeks, less the $34.28 compensation paid by defendant. From this judgment plaintiff appealed, 10 La. App. 208, 120 So. 777; there was no appeal by defendant. During the pendency of this appeal, the defendant voluntarily paid the plaintiff the amount of the judgment of the lower court, · which amount was accepted by plaintiff.

The defendant filed in this court a motion to dismiss the appeal for the reason that plaintiff had acquiesced in the judgment of the lower court by accepting the amount of the judgment. The case was remanded to the lower court to take testimony on the motion, and this testimony was taken and is now in the record.

This very question was passed on in the case of Cory v. Askew, by the Supreme Court of this state, in reviewing a decision of this court, as reported in 169 La. 479, 125 So. 455, in which the court said:

"In proceeding by employee under Employers' Liability Act (Act No. 20 of 1914,

as amended) for compensation for 400 weeks, executing judgment and collecting compensation awarded employee for five weeks held not an acquiescence in judgment precluding recovery of balance of sum sued for, since Compensation Act by specific provision should be liberally interpreted and applied favorably to injured employee suing for compensation for injuries received in course of his employment."

And this court held the same thing in the case of Glover v. Washington-Youree Hotel Co., 12 La. App. 110, 125 So. 455.

See, also Bryan v. Louisiana Oil Refining Corporation, 2 La. App. 494.

In this case there was no execution of the judgment of the lower court by plaintiff, but, on the contrary, the judgment was voluntarily paid by the defendant.

The motion to dismiss the appeal is therefore overruled.

## ON THE MERITS

There is no dispute as to the manner in which the accident occurred, and the only controversy is as to the extent of the injuries received by plaintiff. Plaintiff was knocked unconscious for a few minutes, and received four cuts on the face and a severe cut on the head just above the right ear. At the time blood flowed from the ear and nose, although the nose was not injured. At the time of his discharge by the doctor employed by defendant, plaintiff was suffering with pains in his head. His face bears four scars, and since the accident he has a constant twitching in the right side of his face that is quite annoying. The vision in his right eye is greatly impaired, and the hearing in the right ear is impaired to some extent. Plaintiff testified that since the accident he has attempted to do work in his garden, but that when he gets hot he becomes dizzy and

has severe pains in his head. There is no dispute about the sight of the eye being greatly impaired at the time of the trial. However, there is much conflict in the testimony as to the cause of the impairment. The scars on plaintiff's face mar his appearance, and, as one witness described it, make him look like a tough and fighter, and one not knowing the circumstances might think he had been cut in the face in an affray.

The defendant in its brief to the lower court said that plaintiff's case falls under the provisions of section 8(d), paragraph 16 (Act No. 85 of 1926), and we fully agree with that statement. The lower court, we are sure, found that the case fell under that section of the Workmen's Compensation Act. However, we are forced to disagree with the court's interpretation of that section.

Section 8(d), paragraph 16, reads as follows:

"In cases not falling within any of the provisions already made where the employee is seriously permanently disfigured about the face or head * * * the Court may allow such compensation as is reasonable and as is in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks."

Interpreting a similar provision in Act No. 247 of 1920, this court said:

"The judgment of the lower court allowed plaintiff $18.00 per week for 20 weeks. In allowing compensation for only 20 weeks the judge of the lower court overlooked the above quoted provisions of the act to the effect that there should be compensation 'during 100 weeks.' Under that provision of the statute the court has no discretion as to the length of time over or during which compensation shall be allowed, its discretion being limited to the fixing of the per centum of the weekly wages to be allowed, provided the same

does not exceed 60 per centum thereof." Jones v. General Accident, etc., Corp., 1 La. App. 88.

In the case of Garr v. Wyatt Lumber Co., 147 La. 689, 85 So. 640, the Supreme Court of this state, in interpreting a like section under Act No. 38 of 1918, being subsection (e) of section 8 of that statute, said:

"If the amount of compensation should have been measured by subsection (e) of section 8 of the statute, the court should have determined only the rate of wages per week (not exceeding 55 per cent. of the weekly wages of the employee), and should have allowed the amount so fixed or determined for the entire period of 100 weeks. Subsection (e) fixes definitely the period of payment of compensation at 100 weeks, and limits the discretion of the judge, as to the rate that he may allow, to 55 per cent. of the weekly wages that the injured employee had been earning."

We have no discretion as to the length of time for which compensation shall be allowed, as that is definitely fixed by the statute.

The judge of the lower court saw and observed the plaintiff and for that reason was in a better position to fix the quantum of the weekly compensation to be allowed than we are. The plaintiff was earning at the time of the accident $35 per week. The lower court awarded him compensation in the sum of $20 per week, which is less than 65 per cent of his weekly wages, and we are not disposed to disturb his finding in that respect. The defendant has not answered the appeal and asked for a reduction in the amount of the weekly award but has acquiesced in the judgment of the lower court by paying it in full.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to allow plaintiff compensation in the sum of $20 per week during a period of 100 weeks, less the amount of $34.28 paid by defendant to plaintiff as compensation, with due credit for the amount of the judgment paid by defendant pending the appeal; and, as thus amended, the judgment of the lower court is affirmed.