ESMOND MILLS, INC. *vs.* JOSEPH MOLLO.

JANUARY 26, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

28

O'CONNELL, J. This is an employer's petition under the workmen's compensation act, general laws 1938, chapter 300, for review of a preliminary agreement approved by the director of labor on October 6, 1948. It is before this court on respondent employee's appeal from a decree entered in the superior court which provides that petitioner may discontinue compensation payments under the agreement unless within thirty days from the date of the decree "the respondent employee submits to an operation for the repair of the herniae and the reasonable expenses of such operation, if had, shall be paid by the petitioner."

The preliminary agreement states that respondent was

injured on June 4, 1948, which injury arose out of and in the course of his employment by petitioner. The cause of injury was set forth as "lifting bales" and the injury as "bi-lateral herniae." Compensation was fixed at $20 per week during the period of total incapacity. The petition for review was based on the claim that employee's incapacity had ended or diminished and that he had refused to submit to prescribed medical treatment. The decree appealed from makes the sole finding of fact "That the respondent employee unreasonably refuses to submit to operative treatment for the cure of his herniae" and grants the relief requested.

From an examination of the record it appears that the entire evidence presented by petitioner consisted of three exhibits, namely, a copy of the preliminary agreement and two medical reports, dated January 27 and May 31, 1949, of Dr. David Freedman, who had been appointed an impartial examiner by the director of labor. The record shows that at the hearing in the superior court on February 8, 1950 counsel agreed that these medical reports might be offered in evidence and considered by the court in reaching a determination of the question of respondent's *present* physical condition.

No medical testimony was offered for the respondent, who was the sole witness in his behalf. He testified that he had not consulted any doctor between the time of his first and second examinations by Dr. Freedman; that at the second examination he was feeling worse; and that the doctor then examined only the rupture and made no examination of the heart and lungs. At the hearing he complained of difficulty in breathing and stated that he called such fact to the attention of Dr. Freedman at the time of the second examination.

Respondent first contends that there was no legal evidence to support the finding of fact that he was in sufficiently good physical condition to undergo an operation within thirty days of the date of the decree; and secondly,

that the burden of proof was upon petitioner to establish such fact and it had failed to support that burden.

We cannot agree with respondent's first contention. In Dr. Freedman's first report he states: "Another operation for repair of the hernia on the left side will probably be necessary." In his second report he takes cognizance of respondent's fears of an operation, stating therein: "He is fearful of another operation." The report concludes with the following statement: "I believe that this man should have another operation for repair of his hernia. There is a reasonable chance that this patient will be cured of his hernia and that he will be able to return to work after his convalescence." It is a fair conclusion that in making such recommendation he considered and discounted the fears as to the operation expressed *to him* by the respondent.

By reason of the agreement between counsel referred to above, the trial justice was justified in taking into consideration Dr. Freedman's reports and recommendations in determining the physical condition of respondent *at the date of the hearing before him*. Further as bearing upon the probative value of respondent's testimony as to his physical condition, the trial justice might well have considered the fact that although respondent testified that at the second examination no examination was made of his heart and lungs, Dr. Freedman's report showed that "Routine physical examination is the *same* as the last visit with the following slight changes * * *." (italics ours) These changes related only to the condition of the abdomen and the slightly enlarged size of the hernia. The first report stated that the physical examination of neck, chest, breast, *heart* and *lungs* was "Negative."

If, as stated by Dr. Freedman, the second physical examination was the same as the first, it is a reasonable conclusion that the respondent's *heart* and *lungs* were included in such examination although that fact was denied by the respondent. Further as against respondent's claim respecting his physical condition, unsupported by any medical

testimony, the trial justice had before him the testimony of Dr. Freedman, applicable to respondent's physical condition, that *at the time of trial* an operation was advisable and that there was a reasonable chance such operation would prove curative and permit respondent to return to work after his convalescence. The court may well have concluded, therefore, that Dr. Freedman took into consideration the respondent's fears concerning the danger or results of the operation, but was nevertheless of the opinion that such operation was necessary and advisable; that it would not endanger respondent's life; and that it likely would effect a cure. Further, by reason of the agreement of counsel, the doctor's opinion could be considered as one subsisting *at the date of the hearing.*

We have consistently held that the conclusion of a trial justice by way of reasonable inference from legal evidence is a finding of fact. *Parmentier* v. *Moore Fabric Co.,* 71 R. I. 369; *Baccari* v. *W. T. Grant Co.,* 73 R. I. 376. Under the workmen's compensation act, power to determine questions of fact is placed solely in the superior court, and in the absence of fraud, which is not alleged in the instant case, findings of fact by the trial justice if supported by legal evidence are conclusive. *Rachiele* v. *George A. Fuller Co.,* 71 R. I. 446; *Baccari* v. *W. T. Grant Co., supra.* From a careful examination of the record, we are of the opinion that the finding of fact complained of is supported by competent legal evidence.

In the instant case respondent is still receiving compensation for *total* incapacity. The employer petitioner expresses a willingness to have the decree modified by this court, in accordance with the authority conferred upon us by G. L. 1938, chap. 300, art. III, §10, so as to provide that compensation should be merely *suspended* and *forfeited* during such period of time, after thirty days from the effective date of the decree, as the employee respondent has not submitted to the operation ordered by the court. In our judgment this modification would impose no greater hardship than is

provided for by art. II, §21, of the act in cases where the employee refuses to submit to an examination. In view of the special circumstances we are of the opinion that a new decree should be entered containing the above-mentioned modification.

The respondent's appeal is sustained, the decree appealed from is modified as above stated, and on February 2, 1951 the parties may present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Worrell & Hodge, Lee A. Worrell,* for petitioner.
*Joseph V. Ortoleva,* for respondent.