RAYMOND MANCINI *vs.* SUPERIOR COURT,
GEORGE A. FULLER COMPANY *et al.*

JULY 20, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

374

CAPOTOSTO, J.   This is a petition for certiorari to quash the record of a decree entered in the superior court in a workmen's compensation case, general laws 1938, chapter 300, hereinafter called the act.

The litigation between the parties has been the subject of previous opinions by this court.   See *George A. Fuller Co.* v. *Mancini*, 73 R. I. 178, and *Mancini* v. *Superior Court*, 77 R. I. 262.   In the peculiar circumstances now confronting us we deem it advisable to state the course of such litigation up to the time of the hearing on the merits of the present petition in this court.

It is undisputed that on April 15, 1943 petitioner suffered an injury by accident arising out of and in the course of his employment with the George A. Fuller Company.   Thereafter the parties entered into a preliminary agreement on the basis of total incapacity, which agreement was duly approved by the director of labor.   On June 12, 1945 the employer filed a petition for review under art. III, §13, on the ground that the employee was no longer incapacitated.   Upon hearing that petition on appeal from a decision by the director of labor a justice of the superior court found that the employee was suffering from a ruptured intervertebral disc; that he was still totally incapacitated by such injury; and that within sixty days after the entry of a decree in accordance with his decision the employee should submit to an operation for his then existing condition.   A decree was accordingly entered on August 6, 1946.

Since the validity of that decree is the basic issue between the parties in the instant case we quote in full the finding and order of the trial justice as they appear therein.

After referring to the above-mentioned rescript the decree reads:

"* * * the Court finds:

"1. That it is reasonable to require the respondent to submit within sixty days of the entry of this decree to an operation for the removal of an intervertebral disc; the operation to be performed by a surgeon of recognized experience and skill in that particular branch of surgery; the hospital and medical expenses to be borne by the petitioners and compensation to be paid through a reasonable period of convalescence

"Whereupon It Is Ordered, Adjudged and Decreed

"That unless the respondent submits to the above operation under the above conditions his compensation shall terminate upon the sixtieth day following the date of this decree; but if he does so submit his compensation, hospital and medical expenses shall be paid as above provided."

The employee duly filed a claim of appeal from the entry of that decree but he failed to perfect his appeal in accordance with art. III, §7, of the act. The employer thereupon moved to dismiss the claim of appeal, which motion was heard and granted by a justice of the superior court on January 27, 1947, and a decree to that effect was entered. Thereafter the employee duly appealed to this court where, after hearing, the decree of the superior court was affirmed for the reasons set forth in *George A. Fuller Co.* v. *Mancini, supra.*

On December 4, 1949 the employee instituted the present proceedings in this court alleging in his petition for certiorari that the finding and order in the decree of August 6, 1946 were illegal, unlawful and void. Upon consideration of the petition we issued a citation to the parties directing the petitioner to show cause why we should exercise our discretion by issuing the writ. Following a hearing on that narrow question we ordered a writ of certiorari to issue for the reasons therein stated. See *Mancini* v. *Superior Court, supra.* The pertinent records were thereafter transferred to this court thus raising the questions now before us.

Petitioner contends that since he was found to be totally incapacitated the trial justice acted without or in excess of jurisdiction in terminating his compensation as provided in the decree of August 6, 1946. Respondents refute that contention on the following grounds: First, petitioner having failed to perfect his claim of appeal in accordance with the act, the decree in question became final and cannot be reviewed by certiorari as the act impliedly excludes such review because of the express provisions for appeal therein prescribed. Secondly, "the petitioner has in fact a method of relief which he has used by filing a petition at the Labor Department for the relief which he is presently seeking in the case at bar." Thirdly, petitioner is bound to use every reasonable means to eliminate the cause of his incapacity, and as the trial justice found on evidence that it was reasonable to require him to submit to an operation, that finding was conclusive by force of the act and numerous decisions of this court.

Respondents' first contention to the effect that the act denies this court the power to exercise its discretion and to order a writ of certiorari to issue for the purpose of reviewing some unusual situation in a case falling within the purview of that statute is the same contention that was urged by them in *Mancini* v. *Superior Court, supra.* If the legislature had any such intention we think it should have expressed itself in explicit and unambiguous terms. There is nothing in the act, either in express language or by necessary implication, to support respondents' contention. Therefore in the case just above cited we ordered the present writ to issue in the exercise of our general revisory and supervisory powers.

Respondents' second contention above quoted combines a statement of law and an assertion of fact. In effect they urge first, that the petitioner is not entitled to prevail in the instant case because he has an adequate remedy by

petition for relief to the director of labor; and secondly, that he had actually filed such a petition prior to the bringing of these proceedings for certiorari. Petitioner, on the other hand, argues that so long as the decree in question remains in force he is stalemated in prosecuting a petition for relief, which he admits filing with the director of labor, and that he instituted the present proceedings to remove the impediment of the decree so that he might obtain relief in the peculiar circumstances.

We cannot agree with respondents that in the existing circumstances petitioner may obtain from the director of labor "the relief which he is presently seeking in the case at bar." The decree under consideration is a final order of the superior court *terminating* petitioner's right to compensation upon noncompliance with its terms. Unless modified or annulled it is binding on everyone. In any other proceeding for compensation to which the decree applied all persons would be constrained to give full effect to its terms. The relief presently sought by the petitioner is the removal of that obstacle to the prosecution by him of such further proceedings for compensation as he believes himself entitled to under the act. In such a situation we find no basis for respondents' contention that the present petition should be denied and dismissed because petitioner has an adequate remedy through a petition to the director of labor.

We now come to the real questions in this case. Petitioner contends that the decree under consideration is illegal and therefore void on the following grounds: first, it orders that "compensation shall *terminate*" unless he submits to a certain surgical operation; secondly, that it unduly limits his right to compensation following the operation; and thirdly, that it compels him to submit to a dangerous surgical operation which he is not required to undergo by any express or implied provision of the act. (italics ours)

The first ground of error urged by petitioner must be sustained in view of the unqualified language in the decree

which orders compensation to "terminate" unless he submits to the operation therein specified. In the absence of qualification, either directly or by context, the verb "terminate" means "To put an end to; to make to cease; to end." Webster's New International Dictionary (2d ed.) p. 2605. So long as causal connection has been found to exist between accident and incapacity, compensation can only "terminate," in the strict sense of that word, as provided in the act. Reading the part of the decree under consideration as written it was error to "terminate" the employee's compensation in the circumstances of record. Even if the real intention of the trial justice was merely to *suspend* compensation until the employee complied with the condition set forth in the decree, the employee would be barred from bringing any other proceeding in the matter as long as the decree remains in its present form.

There is also merit in petitioner's second ground of error to the effect that the decree unwarrantedly and unjustly restricted his compensation "through a reasonable period of convalescence" if he submitted to the operation. The ordinary meaning of the word "convalescence" is "Recovery * * * the time between the subsidence of a disease and complete restoration to health." Webster's New International Dictionary (2d ed.) p. 581. It is difficult for us to understand how it can be determined in advance and with reasonable certainty that a proposed surgical operation, especially if it is of a serious nature, will result in the complete cure of an employee's impaired physical condition so that thereafter he will be capable of doing his usual work. Conceivably the operation might not produce the expected result or it might even aggravate the employee's impaired physical condition and resulting incapacity to work, in which case he would be entitled to relief in accordance with the act. The provision in the decree presently before us is an unwarranted limitation of petitioner's rights under the act.

The third ground of error pressed by petitioner raises a

question of first impression in this state. That question is whether the act gives the trier of the facts power to compel an injured employee to submit to a surgical operation if his compensation is to continue. Petitioner contends that there is nothing in the act, either in express language or by necessary implication, which authorizes any such finding or order. The respondent, on the other hand, argues that whether an operation is reasonably advisable or necessary in a given case is a question of fact. It therefore contends that, since there was legal evidence to support the finding of the trial justice in the instant case, his order based upon such finding was, in the absence of fraud, conclusive under the act and numerous decisions of this court.

Generally speaking, it is true that whether in the circumstances an operation for the removal of a ruptured intervertebral disc was advisable from a medical point of view raised an issue of fact, yet in our judgment the determination of such issue also involved a question of law. That question is whether our workmen's compensation act demands that an employee, who is suffering from such a compensable injury and is actually receiving compensation therefor, must submit against his will to such an operation or else lose all benefits under the act until he consents to the operation. In *Jillson* v. *Ross,* 38 R. I. 145, at 153, this court said that frequently in petitions under the act the findings by the superior court of the ultimate facts of the controversy will involve and be based upon conclusions of law. "In a broad sense such findings are findings of fact, and although the act provides that they shall be conclusive, nevertheless they may be reviewed by this court upon appeal in so far as they involve the determination of such questions of law." The foregoing interpretation of the act was approved and applied in *Foy* v. *A. D. Juilliard & Co.,* 63 R. I. 233. Courts of last resort in other jurisdictions, construing language in workmen's compensation acts similar to that in our statute, have come

to the same conclusion. *Sponatski's Case*, 220 Mass. 526; *Kenney's Case*, 222 Mass. 401; *Powers* v. *Hotel Bond Co.*, 89 Conn. 143. We therefore find no merit in respondent's contention that we are precluded from considering the basic question in the instant case because of a finding of fact by the trial justice.

The real question here is whether our workmen's compensation act requires that an employee shall, against his will, submit to a surgical operation of any nature deemed advisable in the treatment of a compensable injury or else suffer a suspension of compensation payments so long as he refuses to permit the operation. Before proceeding with the consideration of that question we must first refer to the case of *Bishop* v. *Morrow Co.*, 68 R. I. 518, as it was urged in argument that we there held that an employee must unwillingly submit to an operation for hernia. Such a view of our opinion in that case disregards the real issues then before us.

In the *Bishop* case the employer denied any and all liability under an original petition for compensation. The trial justice found that the employee was totally incapacitated from a hernia arising out of and in the course of his employment. He further found and the decree thereafter entered so stated that the employee was entitled to have the hernia repaired and that he should, as a condition of future compensation, submit to an operation for that purpose. The case was brought to this court *solely on the appeal of the employer* from the entry of such decree.

At the hearing of that case the employer contended that the employee had not suffered a compensable injury, which contention necessarily included a denial of liability for medical expenses. It further contended that if it was liable, then, notwithstanding that it had not offered to pay the expenses of an operation for hernia, the failure of the employee to have the operation performed at his own expense constituted such willful and unreasonable neglect on his part in the care of his injury as to preclude him

from receiving compensation for the entire period of such failure. Our decision went only to a determination of those contentions. The question of whether the employee was bound as a matter of law to submit to the hernia operation was not an issue in that case and we therefore expressed no opinion in the matter. Furthermore, since the employee did not appeal from the decree he thereby clearly indicated that he was *willing* to undergo the operation therein specified. In the instant case the situation is quite to the contrary. Here the employee insists that the order of the trial justice compelling him to submit to an operation of the kind and extent hereinbefore described was without warrant of law. The *Bishop* case is clearly not applicable in the circumstances of the case at bar.

Returning to a consideration of the question now before us, it is important to note that our act is silent as to whether an injured employee shall or shall not submit to a surgical operation. Its silence in the matter is a strong indication that the legislature, realizing that it was dealing with employees as human beings, did not intend to impose upon them by legislative mandate the obligation that they must submit their bodies to a surgical operation of any extent or degree in order to retain the benefits of the act. An injured employee, acting reasonably, has the same fundamental and natural right as any other human being to choose whether to submit his body to a surgical operation for the preservation of life or limb. In our judgment it was the intention of the legislature to leave the matter of surgical operations to be determined by the employee subject, however, to the condition that the exercise of that choice should be consistent not only with his natural right but also with reason.

We are not to be understood as meaning that an employee can, with impunity, arbitrarily and unreasonably refuse to try and improve his existing disability or suffering by resort, as the Massachusetts court said in *Snooks's Case*, 264 Mass. 92, at page 93, "to the reasonable remedies and operations

of the medical and surgical practice of the time and place if these are not attended with serious risk to life or member and if the outcome reasonably to be expected is beneficial." In our judgment it is plain by inference that the legislature intended that the employee should receive cooperation from the employer to a reasonable extent in caring for his injury to the end that his health might be restored or his disabling condition removed or lessened as soon as possible. *Cranston Print Works* v. *Pascatore,* 72 R. I. 471.

Moreover, in *Carl-Art, Inc.* v. *Cardullo,* 78 R. I. 171, 175, 80 A.2d 188, 190, we said that from an employment viewpoint it is the legal duty both of the employee and the employer to be reasonably cooperative in attempting to bring about the rehabilitation of the employee. By analogy an injured employee may not indefinitely defer the restoration of his earning capacity by willfully refusing or neglecting to submit to a curative treatment proffered by the employer that is calculated to effect such result with reasonable probability of success. Such rule was applied in *Esmond Mills, Inc.* v. *Mollo,* 78 R. I. 27, 78 A.2d 365, where there was medical evidence to support a finding that a hernia operation proffered by the employer was necessary and would reasonably cure the hernia, thus enabling the employee to return to work after convalescence.

The question presently before us has received the serious attention which it deserves from courts of last resort in other jurisdictions under statutes similar to our own. From our examination of the cases in other states it is clear that the great if not overwhelming weight of authority is that an employee cannot be compelled to submit to a surgical operation which is dangerous to life or limb, involves extraordinary suffering, and is uncertain as to its ultimate beneficial result. *Snooks's Case, supra; Robinson* v. *Jackson,* 116 N.J.L. 476; *Zant* v. *United States Fidelity & Guaranty Co.,* 40 Ga. App. 38; *Gulf States Steel Co.* v. *Cross,* 214 Ala. 155; *Fred Cantrell Co.* v. *Goosie,* 148 Tenn. 282; *Bronson* v. *Harris Ice Cream Co.,* 150 La. 455; *Gidley* v. *Indus-*

*trial Comm'n,* 355 Ill. 586; *Utah Copper Co.* v. *Industrial Comm'n of Utah,* 69 Utah 452; *Consolidated Lead & Zinc Co.* v. *State Industrial Comm'n,* 147 Okla. 83; *Grant* v. *State Industrial Acc. Comm'n,* 102 Ore. 26. For comprehensive annotations on the subject see 73 A.L.R. 1303; 105 A.L.R. 1470, 1476.

In the light of the authorities and after careful consideration of the nature, purpose and language of our act we are of the opinion that the intention of the legislature as therein expressed is to the same effect. Keeping in mind the absence of specific provision in the act and the employee's natural right to life and limb, it is our judgment that in the case of a proposed serious operation the legislature intended that, subject to the qualifications hereinbefore expressed, the employee had the choice of deciding whether or not he was willing to submit to the operation. This view is in line with our decision in *Cranston Print Works* v. *Pascatore, supra,* where we held that an employee could not be compelled to submit to a "myelogram test" for the purpose of ascertaining the existence of a ruptured intervertebral disc.

Applying the act as herein interpreted respecting surgical operations to that part of the record under examination, we find nothing therein to support the order in the decree requiring that the employee submit to an operation for a ruptured intervertebral disc or else suffer a "termination" of compensation until he has complied with such order. There is no evidence in the record and no finding by the trial justice that the operation in question was not dangerous to life and limb, or that the operation, if undergone, was reasonably calculated to be curative according to the present state of medical science. In the circumstances we are of the opinion that since the employee here was unwilling to submit to the kind of operation under consideration, which absence of consent distinguishes the instant case from *Bishop* v. *Morrow Co., supra,* he was not bound

to undergo that operation, as the order requiring him to submit thereto was without warrant of law.

The portion of the decree requiring the employee to submit to an operation for a ruptured intervertebral disc under the penalty of termination of compensation is hereby quashed, and the papers in the case are ordered to be returned to the superior court for further proceedings in accordance with this opinion.

*Aram A. Arabian,* for petitioner.

*Hinckley, Allen, Salisbury & Parsons, S. Everett Wilkins, Jr., Thomas J. Hogan, Joseph H. Gainer, Jr.,* for respondents.