**Winford Leo EVANS, Appellant,**

v.

**STEARNS–ROGER MANUFACTURING CO., Employer; and Standard Accident Insurance Co., Insurer, Appellees.**

**No. 5737.**

United States Court of Appeals
Tenth Circuit.

Feb. 19, 1958.

Rehearing Denied April 2, 1958.

R. F. Deacon Arledge, Albuquerque, N. M. (Charles Driscoll, Albuquerque, N. M., on the brief), for appellant.

A. H. McLeod, Albuquerque, N. M. (W. A. Keleher, Albuquerque, N. M., on the brief), for appellees.

Before MURRAH, LEWIS and BREITENSTEIN, Circuit Judges.

MURRAH, Circuit Judge.

This appeal is from an order of the trial court reducing an injured employee's New Mexico workmen's compensation award from 75 to 50 percent disability, and further ordering that the award be reduced to 25 percent disability if he refuses to undergo corrective surgery. The main question pre-

sented is whether the court was empowered, under New Mexico law, to compel claimant-appellant to submit to surgical treatment, medically termed a laminectomy, or in the alternative, to suffer a reduction in his award.

Appellant, Winfred Leo Evans, received an injury to his spine during the course of his employment with appellee, Stearns-Roger Manufacturing Company. He brought suit under the workmen's compensation statutes of New Mexico (59–10–1, et seq., N.M.S.A.1953), and was awarded 75 percent disability, attorney fees, and certain medical expenses. On October 23, 1956, he initiated this proceedings for increased compensation under 59–10–25, N.M.S.A. In response, appellees, Stearns-Roger and its insurer, sought reduction of the award on the grounds that appellant's disability had been diminished since the original award, and because he refused to undergo spinal surgery to alleviate his condition. In its letter memorandum, the trial court found that since the original award, appellant has been able to earn "fairly steadily, wages in the approximate amount of $126.00 per week", about the amount he was earning at the time of the injury, though "he must suffer some pain at times", concluding that the award should be reduced to 50 percent disability. The court also concluded that appellant's refusal to undergo surgical removal of his herniated or "slipped" disc was unreasonable because it would materially diminish his disability without danger to him, and ordered a further reduction in the original award to 25 percent disability if he did not elect to undergo the operation within thirty days.

■ At the outset, there is no merit to appellees' contention that the appeal should be dismissed because appellant did not object or except to actions of the court during the trial of the case, and "does not now invoke any ruling of the trial court." It seems clear enough that the appeal specifically challenges the order of the court reducing appellant's disability to 50 percent, and ordering

him to undergo major surgery or suffer a further disability reduction. These objections are contained in his statement of points relied upon, and since he was unaware of the trial court's decision until the letter memorandum was issued, it is difficult to conceive how he could more timely or forcefully have asserted his points of error than in fact he does by this appeal. See Monaghan v. Hill, 9 Cir., 140 F.2d 31.

■■ Nor are we persuaded that appellant is barred from prosecuting the appeal because he accepted certain benefits under order of the trial court, i. e., payment by appellees of $200 attorney fees and $268.80 in medical bills. In New Mexico, as elsewhere, a plaintiff who accepts satisfaction, in whole or in part, of a judgment rendered in his favor waives his right to maintain an appeal or seek review of the judgment for error. Wells v. Romero, 22 N.M. 191, 159 P. 1001; cases collected 169 A.L.R. 985, 989. Under workmen's compensation law, however, the prevailing view is that a workman cannot be denied the right of appeal by his acceptance of a compensation award in an amount less than that to which he is entitled. See Otter v. Dept. of Labor and Ind., 11 Wash.2d 51, 118 P.2d 413; Shaffer v. Great American Indemnity Co., 5 Cir., 147 F.2d 981; Grigsby v. Texas Co., 14 La.App. 689, 130 So. 871; Sanders v. Rock Island Coal Mining Co., 138 Okl. 45, 280 P. 290; McShan v. Heaberlin, 105 W.Va. 447, 143 S.E. 109; Smith v. Revere Copper & Brass, 196 Md. 160, 76 A.2d 147; Bramlett v. Luper Transportation Co., Okl., 258 P.2d 895.

■ This brings us to the merits of the appeal. Under the provisions of the New Mexico Act, "If any workman * * * shall refuse to submit to such medical or surgical treatment as is reasonably essential to promote his recovery, the court may in its discretion reduce or suspend his compensation." Section 59–10–20. The matter is clearly one within the discretion of the trial court, but the discretion is judicial and subject to review by this court.

Construing this provision in Fowler v. W. G. Construction Co., 51 N.M. 441, 188 P.2d 160, 167, the New Mexico court cited and relied upon cases collected at 6 A.L.R. 1260, supplemented in 18 A.L.R. 431, 73 A.L.R. 1305, and 105 A.L.R. 1470, to evolve the rule that "an injured workman will be denied compensation for an incapacity which may be removed or modified by an operation of a simple character, not involving serious suffering or danger", and that a refusal to undergo such an operation is unreasonable within the meaning of the statute. "On the other hand", said the court, "if the operation be of a major character and attended with serious risk of life or member, the rule is that an injured employee's refusal to submit to such operation is deemed not unreasonable, and compensation should not be denied on that account."

We are convinced that the operation to which appellant has been ordered to submit, or suffer reduction of his monetary award, cannot be categorized as a "simple" one to which no risk of life or limb attaches. In the proceedings below, both doctors testified that the operation contemplated would be a "major" one, with only 80–85 percent possibility of resulting improvement in claimant's condition. They also testified that some risk to life or limb would be involved, one expert indicating that a "slip of the knife" during the operation would render the patient's legs useless for the remainder of his life. The serious, even perilous, nature of the operation is further indicated in Sultan & Chera Corp. v. Fallas, Fla., 59 So.2d 535, 537, where the Florida court cites J. S. Love, American Medical Assn., Vol. 113, p. 2029, as recommending against such operations except in cases of long standing, and showing that statistically, "two percent of the patients undergoing the recommended treatment in this case die following the operation and that four percent suffer relapses." The court also quotes from Vol. I, Gray's Attorney's Textbook of Medicine, Third Ed., pp. 304–305, that "such procedures, except in the hands of exceedingly experienced operators, must be considered as very hazardous. Our experience under compensation coverage has been extremely poor. The majority of those operated never returned to work." See also Edwards v. Travelers Ins. Co., Tenn., 304 S.W.2d 489. The court's statement of a similar refusal of the claimant to undergo a laminectomy in Walker v. International Paper Co., Miss., 92 So.2d 445, 447, is appropriate as it epitomizes reasonable grounds upon which the operation may be refused: "Walker is a Negro man with a fifth grade education and no training in any type of work except physical labor. He said * * * he is 'scared of that back operation', having known two boys who had it and who were paralyzed from the waist down. Dr. Blake advised that he needed an operation, but naturally would not guarantee it would be successful. Walker does not think he is unreasonably refusing medical treatment. He has conscientiously followed all other directions of the several doctors who have treated him. He agreed that the physicians know better about it than he, but he said, 'it ain't their back.' "

Undoubtedly, the rule requiring injured workmen to submit to surgical treatment reasonably essential to their recovery is but an adaptation of the familiar principle that aggravation or extension of an injury is not compensable, or that one may not recover for an aggravation of an injury caused by his own act. Bethlehem Steel Corp. v. Industrial Accident Commission, 70 Cal.App.2d 369, 161 P.2d 18, and cases cited there. It is difficult to perceive how appellant can here be considered to be aggravating his injuries because he refuses to risk his life or further impairment of his health in major surgery. Surely he should not be compelled to do so in order that the pecuniary obligation created by law in his favor and against the employer may be minimized, Henley v. Oklahoma Union R. Co., 81 Okl. 224, 197 P. 488, 18 A.L.R. 427, and cases cited. As the Oklahoma court points out, the law has abolished the right of action of the injured employee to recover

damages for his injuries as at common law, and workmen's compensation statutes should be liberally and fairly construed in the workman's favor to insure the full measure of his exclusive statutory remedy.

We can find, no case involving surgery for removal of a herniated vertebrae in which the injured workman's refusal to submit to corrective surgery was permitted to reduce the amount of his award. On the contrary, the authorities uniformly hold the refusal in such cases to be entirely reasonable. See K. Lee Williams Theatres v. Mickle, 201 Okl. 279, 205 P.2d 513; United States Coal and Coke Co. v. Lloyd, 305 Ky. 106, 203 S.W.2d 47; Mancini v. Superior Court, 78 R.I. 373, 82 A.2d 390; Dudansky v. L. H. Construction Co., 244 Minn. 369, 70 N.W.2d 114; Edwards v. Travelers Ins. Co., supra; Sultan & Chera Corp. v. Fallas, supra. We cannot suppose the New Mexico court would adopt a contrary view, and are therefore convinced that the order of the trial court is erroneous.

▆▆ As to reduction by the court of appellant's disability from 75 to 50 percent, the pertinent statutory provision is to the effect that the district court, in which a workman has been awarded compensation, may, upon application of the employer, order diminution or termination of payments of compensation, "if it shall appear upon * * * hearing that diminution or termination of disability has taken place." The record here in no way suggests a diminution in the extent of appellant's disability, but rather indicates without dispute that his condition has not improved in the slightest degree. If anything, the testimony suggests that he will get worse. True, he has been able to secure employment at wages almost equivalent to those he was earning prior to the injury, but in a field removed from that in which he was engaged at the time of the injury, and for the reason that his disability prevented him from performing his previous occupation. At any rate, his temporary employment cannot be said to lessen his suffering or improve the unnatural condition of his back. To hold that the employer's liability should be diminished because his injured workman has seen fit to suffer the discomforts of his infirmity and obtain employment, rather than to simply exist on the compensation the law allows him, seems to us inconsistent with the purpose and intent of the workmen's compensation act. See Fidelity & Casualty Co. of New York v. Long, 181 Tenn. 190, 180 S.W.2d 889; Ludwickson v. Central States Electric Co., 142 Neb. 308, 6 N.W.2d 65; Weeks v. Consolidated Underwriters, La.App., 73 So.2d 479.

The judgment is reversed.