(42 South. 436.)

No. 16,194.

BRIGHT v. BELL et al.

(Nov. 12, 1906. Rehearing Denied Dec. 10, 1906.)

1. HIGHWAYS—RIGHTS OF ABUTTING OWNER
—HEDGES.
   A plaintiff, owner of the adjacent land, cannot maintain an action for damages for the trimming and cutting of a hedge planted on a public highway by the municipal authorities.

2. SAME.
   The hedge not having been planted on the boundary line of plaintiff's property, article 691 of Merrick's Rev. Civ. Code has no application, and his legal rights in the premises are confined to requiring the cutting of branches which may extend over his estate.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred Durieve King, Judge.

Action by George L. Bright against Samuel H. Bell and others. Judgment for defendants, and plaintiff appeals. Affirmed.

George L. Bright, in pro. per. Edward Righter (James Legendre, of counsel), for appellees.

LAND, J. This suit was instituted in October, 1905. At that time the plaintiff was the owner of a tract of land in the city of New Orleans, known as "Oakland Park." Plaintiff sued the defendants for $5,000 damages for maliciously cutting, trimming, shaping, and partially destroying a hedge on the frontage of said property, said hedge consisting of a mixture of Cherokee roses and ligustrum.

After pleading the general issue, the defendant Bell admitted that he, acting in his capacity of Metairie road commissioner and likewise under the instructions of the mayor of the city, trimmed the hedge in question, and he specially averred ownership of said hedge and the ground on which it was growing to be in the city of New Orleans.

The other defendant, the Metairie Cemetery Association, pleaded the general issue. There was judgment in favor of the defendants, and plaintiff has appealed.

In 1903, Bell acting as Metairie road commissioner, destroyed a Cherokee hedge which was within the inclosure of Oakland Park. The destruction of this hedge necessarily involved a trespass on the property of the plaintiff, who sued Bell and others for damages. The result of this litigation was a judgment in favor of the plaintiff against Bell and two other individuals for damages in the sum of $1,000. See Bright v. Bell et al., 113 La. 1078, 37 South. 764. The same suit was dismissed as to the Metairie Cemetery Association.

In 1903, after the destruction of the Cherokee hedge, Bell, as commissioner, planted a

ligustrum hedge outside of a line of cedar posts which marked the limits of Oakland Park. Plaintiff in his testimony candidly confesses that, as his Cherokee hedge grew, he caused the runners to be directed so as to cover the ligustrum hedge and kill it. In September, 1905, the defendant Bell caused the ligustrum hedge to be trimmed, and in doing so the workmen cut the Cherokee runners which had become intermingled with the branches of the ligustrum.

There is no pretense that the workmen went within plaintiff's inclosure, and the hedge was only trimmed on the front and top. Plaintiff admits that the old cedar posts in his hedge are on the line that was given him by the surveyor in 1859, when plaintiff purchased the property, and that said line accords with the plan annexed to the act of sale by which he acquired his title. The city authorities had the Metairie road surveyed in 1903, and the survey shows the same result. The ligustrum hedge was planted in 1903 on the edge of the public roadway by the commissioner in charge, and has remained ever since under the supervision and control of the municipal authorities. Plaintiff has shown neither possession of nor title to the ground on which the hedge stands.

In September, 1905, the hedge had spread to such an extent as to brush the passing street cars. The defendant Bell, as commissioner, laid the facts before the mayor, who, after consulting the city attorney and city engineer, ordered the commissioner to have the hedge properly trimmed. In so doing no property rights of plaintiff were invaded.

The ligustrum hedge was not planted on the boundary line. Hence article 691, Merrick's Rev. Civ. Code, has no application. The most that can be said is that plaintiff had the legal right to require the defendant commissioner to cut the branches which extended over his estate. Laurent, 8, §§ 15–18.

Judgment affirmed, plaintiff to pay costs of appeal.