Plaintiff seeks judgment against the defendants for the amount of damages done to his truck by a limb, from a tree standing upon defendants' property, falling upon it.
The home of plaintiff's father in the City of Natchitoches, Louisiana, and that of the defendants (occupied by one or more of them) adjoin. When damaged, the truck was parked upon the driveway of the former.
The tree in question stood a few feet from the common boundary line of the properties and the limb that fell extended over and above the driveway.
It is alleged that more than six months prior to the falling of this allegedly decayed limb, defendants were aware that this tree should be removed and entered into negotiations with someone to have this done, but it was not done; that the hazard, due to the position and decayed condition of the limb, was, in addition, brought to the attention of the defendants some three months prior to the accident, at which time one of the defendants, then living on the property, was told that the Gibbs family was apprehensive because of possible falling of the limb; that a man was sent to defendants to discuss the cutting and removal of the tree, but nothing was accomplished; but that on July 6, 1948, almost a month subsequent to the accident, said tree and others in the yard were cut down and hauled away. Defendants filed exceptions of no cause and no right of action and a plea to the Court's jurisdiction, both of which were overruled. Neither is argued nor urged here, and, presumably, have been abandoned.
Defendants articulately deny practically all of the allegations of fact contained in the petition. They add that on June 9, 1948, soon after midday, a wind storm of "cyclonic intensity swept down on the City of Natchitoches from a westerly direction; that there were numerous trees, limbs and portions of buildings knocked down throughout the city because of this storm * * *; that if there was any damage done to the plaintiff's truck, it was solely through a superior force that human prudence could neither see nor prevent."
Judgment was rendered for plaintiff. The defendants appealed devolutively.
In this Court counsel for appellee filed motion to dismiss the appeal for the alleged reason that the appellants had acquiesced in the judgment by paying the same. It is true that such payment has been made. This is admitted in appellants' reply to the motion to dismiss, but it is alleged therein that the payment was expressly made without prejudice to the appeal, and was accepted by appellee under that reservation; that appellants did not intend to, nor have they, in reality, acquiesced in the judgment.
There are certain documents, etc., attached to the motion to dismiss and answer thereto which are material evidence pertinent to the position of the parties, respectively, and to the issue raised by the motion. However, this Court is without the right to receive and consider original evidence on an issue for the first time raised *Page 303 
in it. In order to properly try and dispose of the motion the case must be remanded to the lower Court.
Therefore, for the reasons herein assigned, this case is remanded to the lower Court for the purpose above stated. After trial has been had on the motion to dismiss, and should appeal be perfected from the Court's judgment, the entire record will be promptly transmitted to this Court for further consideration.