50 So.2d 652 (1951)
GIBBS
v.
TOURRES et al.
No. 7386.
Court of Appeal of Louisiana, Second Circuit.
February 8, 1951.
*653 Watson & Williams, Natchitoches, for appellants.
John G. Gibbs, Natchitoches, for appellee.
HARDY, Judge.
This is a suit in which plaintiff claims damages to a parked truck occasioned by the falling of a limb from one of the trees on adjacent property owned by the defendants.
This case was once before this Court and was remanded for the purpose of taking evidence on a motion to dismiss the appeal filed by plaintiff; 43 So.2d 301.
After trial of the motion to dismiss the appeal the District Court rendered judgment dismissing the motion. The case is now before us on devolutive appeal taken by plaintiff from the judgment of the Court rejecting his motion to dismiss the appeal and devolutive appeal by defendants on judgment in plaintiff's favor on the merits. The motion to dismiss was predicated upon the contention that the defendants had acquiesced in the judgment of the District Court by the payment thereof. In opposition to this contention it was claimed that notwithstanding the fact that the judgment was paid, the right to appeal had been specifically reserved.
Considering the evidence tendered on the hearing of the motion we find no difficulty in reaching the conclusion that there was never any intention of acquiescence, and, on the contrary, counsel for defendants specifically, deliberately and certainly evidenced the intention to appeal and was careful to reserve his rights in connection therewith.
By proper proceedings Miss Marguerite Tourres has been substituted as party defendant as sole heir and representative of her mother, the deceased defendant, Mrs. L. Tourres.
The facts are almost undisputed. On or about June 9, 1948, while plaintiff's 1947 model panel-body Ford truck was parked in the driveway of a lot in the Town of Natchitoches, Louisiana, the limb of a tree on property of defendants', adjacent thereto, which limb extended over the driveway, fell upon the said truck, causing the damage of which complaint is made. There is no dispute as to the occurrence itself nor the resulting damage. The record conclusively establishes the fact that plaintiff's father, John G. Gibbs, who was the owner of the property upon which the truck was parked at the time of the related incident, sometime before had complained to Miss Marguerite Tourres, one of the defendants, about the limbs of trees on defendants' property overhanging the drive and had requested their removal. In furtherance of this request the said John G. Gibbs had taken the trouble to send a treecutter to talk to Miss Tourres about removing the trees on her property, but no action was taken by any of the defendants. It is shown that this identical individual who testified in the case had previously approached Miss Tourres, on another occasion, and had offered to remove the trees for a nominal cost, being of the opinion that he could use them for fence posts. However, at the time he had contacted Miss Tourres at the request of Gibbs, he *654 discovered that, in his opinion, the trees were useless for posts by reason of their decayed condition and, accordingly, had made a substantial increase in his proposed charge for their removal.
The defense is predicated upon two contentions; first, that John G. Gibbs had been authorized by Miss Tourres to remove the overhanging limbs, and, second, that the falling of the limb which caused the damage in question was occasioned by vis major, in the form of a wind of tornadic or cyclonic proportions, which struck the City of Natchitoches at the time and on the date in question and allegedly caused the falling of the limb or part of the tree which damaged plaintiff's truck.
Examination of the record does not convince us that the first defense is tenable. The so-called authority allegedly given by Miss Tourres to John G. Gibbs, the owner of the adjacent property, even according to her own testimony, was so casual and ambiguous in nature that it could not be reasonably regarded in the light of a specific and definite permission or authorization.
Nor do we find that defendants have established, by a preponderance of the evidence, the fact that the wind was of such violent nature or proportion as might justify its classification as a vis major. The testimony does establish the fact that the occasion was marked by a heavy rainstorm which unquestionably was accompanied by some wind, but as observed, we do not find that this wind approached the tornadic or cyclonic violence which is contended. On the contrary we think the preponderance of the evidence conclusively points to the fact that the falling of the limb was due primarily to the decayed and rotted condition of the tree itself. True, there is some testimony that the wood was green and that the limb itself bore green leaves at the time. But this fails to overcome the fact that the trunk of the tree itself was in such condition that it could no longer safely support the limbs, and the so-called green condition of wood and leaves was due to the flow of sap which was maintained despite the decayed condition.
Having disposed of defendants' contentions based upon the facts involved, we proceed to a consideration of the law. It is urged on behalf of defendants that inasmuch as the danger of the falling of the tree or limb was not obvious to the casual observer, in other words, was neither probable nor foreseeable, that, consequently, defendants are not guilty of negligence.
While we thoroughly appreciate the application of the general rule that one is not responsible for unforeseen and improbable results, we do not think the rule is applicable under the facts here involved. Certainly there was some element of danger involved which was brought to the attention of defendants by the owner of the adjacent property. This is substantiated by the testimony of the witness, Waters, the tree cutter. Being apprised of this condition, even though it was not apparent nor obvious, certainly defendants were guilty of negligence in allowing the potentially dangerous condition to continue. As was pointed out in Lynch v. Fisher, La. App., 34 So.2d 513, the fact that a particular injurious consequence is improbable or not to be reasonably expected is not an adequate defense.
It is further urged that the defendant, Marguerite Tourres, acted in accordance with the law applicable under the provisions of Article 691 of the Civil Code when she authorized Gibbs to cut the offending limbs. While we think this point has been disposed of by our finding that there was no such authorization, we further point out that the article in question refers to trees which are planted on the boundary line separating the estates. This was not the fact in the instant case since the trees were some little distance removed from the boundary line, and, by reason of this fact, the only remedy of the adjoining property owner was to require the cutting of the limbs by the defendant. Bright v. Bell, 117 La. 947,42 So. 436.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.