86 So.2d 540

Hampton WADE

v.

CALCASIEU PAPER COMPANY, Inc.

No. 42650.

Feb. 20, 1956.

Rehearing Denied March 26, 1956.

Julius T. Long, Shreveport, for plaintiff, appellant, and relator.

Plauché & Plauché, S. W. Plauché, Jr., Lake Charles, for defendant-respondent.

HAWTHORNE, Justice.

Hampton Wade was injured in the course and scope of his employment on October 19, 1951, while working at his regular position as a chipper feeder for the Calcasieu Paper Company, Inc. Medical examinations made shortly after the accident disclosed that Wade had injured his brachial plexus, which is the plexus of nerves from the spinal canal which supplies the arm. An orthopedic surgeon who made this examination reported to the company that Wade had sustained a peripheral nerve injury which prevented him from doing his regular work, and accordingly Wade was paid compensation of $30 a week for 101 weeks. Two orthopedic surgeons examined Wade more than two years after the accident and concluded that he had recovered and was able to return to his regular work. Calcasieu Paper Company accordingly stopped compensation payments. Wade then instituted this suit, alleging that he was totally and permanently disabled as a result of the injury he received in 1951, and asking for compensation for 400 weeks at $30 a week less the amount of compensation already paid.

After trial in the district court there was judgment dismissing his suit. The trial judge says in his reasons for judgment that, although he gave due consideration to the well established judicial policy of construing the law liberally in favor of an injured workman, he concluded that the plaintiff had failed to discharge the burden

of proving that he was unable to return to work after the payments of compensation ceased. The trial judge found that, even though the evidence disclosed that plaintiff had suffered a serious injury and had had an extended convalescence, this evidence also clearly showed that he had finally recovered.

From this judgment plaintiff appealed to the Court of Appeal, First Circuit. After reviewing all the evidence and testimony adduced, that court in a unanimous opinion with Judge Tate as its organ affirmed the district court's judgment on the ground that there was no manifest error in the trial judge's conclusion that Wade was no longer disabled as a result of the accident. 82 So.2d 117, 119. In the course of this opinion the Court of Appeal said: "* * * We regret very much, as we are sure the District Court did, that a neurological or neurosurgical opinion regarding the alleged nerve damage is not available to aid in determination of disability; but we feel the burden of producing such evidence falls upon the plaintiff-employee, rather than upon the defendant-employer. * * *"

Wade timely filed an application for a rehearing in the Court of Appeal. However, after the time fixed by law for filing applications for rehearing had elapsed, he filed what he terms a supplemental or amended application for rehearing, and in answer to the Court of Appeal's expression of regret quoted above he attached to this application a written report of a physician

specializing in surgery of the central and peripheral nervous system. This neurosurgeon had examined Wade after the opinion of the Court of Appeal was handed down. In this supplemental application Wade petitioned the Court of Appeal to remand his case for the taking of additional testimony and particularly the testimony of the neurosurgeon whose report he had attached to his application. The court refused a rehearing, with Judge Tate dissenting, and plaintiff applied to this court for writs, which we granted.

The report of the neurosurgeon attached to plaintiff's supplemental application for a rehearing states that it is never possible to determine whether a patient is exaggerating his complaints, but that the examiner did not feel that plaintiff was doing this or was a malingerer; that the examiner could not say with certainty that Wade's symptoms and disability were as severe as Wade described them, but that he personally believed they were, and that in his opinion Wade was suffering from a genuine injury with residual disability.

This neurological report is only an ex parte statement in no way binding upon defendant, and cannot be considered as evidence in this case. We believe that the Court of Appeal was correct in refusing to consider Wade's supplemental application, as it was not timely filed in that court. However, the case is before us under our supervisory jurisdiction, and we can make any disposition of it permitted by

law. We have concluded that in the interest of justice this case should be remanded to the district court so that both plaintiff and defendant may introduce the testimony of neurologists or neurosurgeons to show whether this employee is still disabled because of a nerve injury, as well as any other evidence that either may care to adduce.

In dissenting from the Court of Appeal's refusal to grant a rehearing Judge Tate remarked: " * * * In our original opinion, we had commented on the absence of such testimony [testimony of neurologists], and it is probable or at least very possible that the majority would have remanded the matter for such purposes had the request and showing been made timely, and on a showing that such evidence was not available at the original trial * * *." 82 So.2d 120.

Our remand here will make the testimony of neurologists or neurosurgeons available not only to the district court but also to the Court of Appeal in the event of an appeal, and should supply the kind of evidence which the Court of Appeal regretted not having before it.

In fairness to the litigants, however, we should like to say that on the testimony presently in the record we should probably reach the conclusion that plaintiff's suit should be dismissed, as did the district court and the Court of Appeal. Defendant's medical witnesses, two orthopedists and one general practitioner, all concluded after

tests and X-rays that the plaintiff had entirely recovered from his disability and was able to resume his regular employment, whereas plaintiff's medical witnesses, three general practitioners, gave opinions based almost entirely on subjective symptoms.

This cause is remanded to the district court for further proceedings consistent with the views which we have expressed.

McCALEB, Justice (dissenting).

Forasmuch as this Court is of the opinion that the Court of Appeal did not err in refusing to consider Wade's supplemental application for a rehearing, I think its decision should be affirmed.

In ordering a remand of the case for the purpose of considering the new evidence forming the basis of the belated supplemental application, the majority take the view that, since the case is before us under our supervisory jurisdiction, "we can make any disposition of it permitted by law".

I am unable to agree that an authorized legal disposition is being made of the case. Initially, it is apt to observe that the case is not here under the supervisory powers vested in this Court by Section 10 of Article 7 of the Constitution. Rather, it comes to us from the Court of Appeal on a writ of certiorari or review under authority of Section 11 of Article 7 of the Constitution. That Section gives this Court the same right to review a judgment of the Court of Appeal as though the matter had been directly appealed here and, obviously,

the only purpose of such a review is to correct errors committed by the Court of Appeal in its final disposition of the case. If the Court of Appeal has not committed any error of law or fact, it does not lie within the province of this Court to make a determination of the case contrary to that of the Court of Appeal.

Accordingly, it being acknowledged that the Court of Appeal reached the correct conclusion in refusing to consider a pleading filed after the time allowed by law for doing so, I fail to understand how this Court has the right to use it as the basis for a remand as nothing has occurred to change its legal status as a pleading which was filed untimely.

I respectfully dissent.