HARDY, Judge.
From a judgment awarding plaintiff compensation as for total permanent disability, subject to a credit for payments made, the defendant insurer has appealed.
There is no dispute as to the nature, occurrence and immediate effects of the accidental injuries suffered by plaintiff in the course of his employment. Plaintiff was employed as a motor patrol operator by the LaSalle Parish Police Jury, and, in the course of this employment, he was sometimes required to perform incidental tasks of heavy manual labor. On July 27, 1955, while assisting in unloading a number of sections of concrete culvert weighing about 550 pounds each, plaintiff was knocked from the bed of his truck, and, either as the result of the fall or from a blow by one of the rolling culvert sections, he suffered serious injuries to his head and back. According to the testimony of Dr. Campbell, who attended plaintiff immediately following the accident, the chief objective sign of injury consisted of a jagged laceration about four inches long extending from above the right eyebrow to the hairline, which wound stripped a portion of the scalp, approximately one inch in width and two inches in length, *474 from plaintiff’s forehead. Comprehensively, plaintiff’s injuries were described as a cerebral concussion as the result of a compound fracture of the frontal bone of the skull, a low back strain and numerous bodily contusions and abrasions. The forehead laceration was repaired, without skin graft, by suturing. After being confined to the hospital for a period of about ten days plaintiff returned to his home and some four or five weeks later he returned to work of the same nature as he had performed for the same employer prior to the accident, and he had steadily performed the duties of this employment up to the date of trial on January 31, 1957, some eighteen months subsequent to the accident.
It was established that, after his return to work and up to the time of trial of this case, plaintiff performed exactly the same nature and character of work as had been required of him prior to the accident; that he had worked full time and that his work had been completely satisfactory to his employer. However, plaintiff contends that he performs his work under the handicap of distressing physical pain, consisting of almost constant headaches in both the frontal and occipital areas of the skull and a tight, “crazy” feeling in the head, which he describes as giving the sensation of wearing a tight hat.
This case was tried on the merits January 31, 1957, and judgment in favor of plaintiff was rendered and signed on June 28, 1957. On appeal by defendant the case was argued and submitted to this court on December 2, 1957. On December 12, 1957, counsel for plaintiff filed in this court a motion to remand this case to the district court for the purpose of receiving additional evidence bearing upon the nature, extent and duration of plaintiff’s alleged disability. The motion is primarily based upon the representation that since the trial of this case plaintiff has suffered two periods of hospitalization which were necessitated by conditions and developments directly attributable to the original injury. Additionally, counsel represent that plaintiff has been forced to give up his employment because of his inability to longer perform the duties thereof.
Our consideration of the representations made by counsel in the motion to remand and the supporting documents, in the light of our study of the record in this case as made up on original trial, has convinced us that the interests of justice require that the motion be granted.
Accordingly, under the authority of Article 906 of the Code of Practice,
It is ordered, adjudged and decreed that the judgment appealed from be and it is set aside and this case is now remanded to the Honorable the Twenty-Eighth Judicial District Court in and for the Parish of LaSalle, State of Louisiana, with instructions that it be reopened for the purpose of permitting the introduction of evidence bearing upon the nature, extent and duration of plaintiff’s alleged disability resulting from the accident sustained in the course of his employment, which evidence may be tendered by both plaintiff and defendant; that, after reception of such evidence and all due proceedings in connection therewith, judgment be pronounced and any further proceedings in connection with this cause be thereafter taken in accordance with provisions of law.
Costs of this appeal are taxed against defendant-appellant and it is ordered that the assessment of all other costs await final determination hereof.