HARDY, Judge.
This is a compensation claim in which plaintiff, Courtney Washington, seeks an award as for total permanent disability from his employer, Hendrix Manufacturing Company, Inc., and its insurer, Hardware Mutual Casualty Company. From a judgment rejecting plaintiff’s demands he has appealed.
Plaintiff’s claim arises from a back injury sustained in an accident which occurred in the course of his employment on October 22, 1956. There is no dispute as to the occurrence of the accident and the fact that plaintiff did sustain some nature of injury for which compensation was paid for a period of seventeen weeks, but defendants contend that at the end of such period plaintiff was fully recovered and able to return to work.
This suit was tried on September 9, 1957, and judgment in favor of defendants was rendered and signed on November 4, 1957. Motion and order granting a de-volutive appeal was filed June 19, 1958, returnable to this court on August 4, 1958, and the appeal was actually filed in this court on July 10, 1958. On September 24, 1958, prior to argument and submission of this appeal, counsel for plaintiff filed a motion in this court praying that the judgment appealed from be set aside and the case remanded to the district court in order to permit the introduction of medical evidence discovered after judgment was rendered by the district court.
The content of plaintiff’s motion to remand alleges that after trial and judgment by the district court plaintiff entered Confederate Memorial Medical Center in Shreveport, at which facility a myelograph was made, and that subsequently, on December 17, 1957, plaintiff submitted to an operation to relieve a back condition “ * * * commonly referred to as a ruptured or herniated disc.”
The motion further asserted that both the myelogram and the operation disclosed that plaintiff was totally and permanently disabled and, as a consequence, the motion urges that justice requires the cause to be remanded for the purpose of receiving evidence as to the operation, together with other competent medical evidence and testimony. In support of and attached to plaintiff’s motion was submitted a certified copy of the record of the operation referred to in the motion.
In considering the motion to remand it should first be observed that it is the unquestionable right of an appellate court to remand a case in the interest of *530 justice. This authority is specifically provided by Article 906 of the Code of Practice and supported by our jurisprudence, which is so well established and recognized as to obviate the necessity for citation of authority.
However, there is one factor which has given us some concern in the consideration of this motion and that is the time element. The obvious obj ection which has been specifically urged by counsel for defendants, in brief opposing plaintiff’s motion to remand, lies in the possibility that the re-opening of a case of this nature after judgment might have the effect of unduly prolonging litigation and thus prevent the proper and orderly termination of a trial by judgment. Admittedly, this objection is soundly conceived and serious in its import, but it must address itself to the discretion of the appellate tribunal and should not prevent the sound exercise of that discretion in cases where the interests of justice are involved. Precedent for the remand of a case under comparable factual circumstances is found in the recent action of the Supreme Court of Louisiana in a case also involving a compensation claim, Wade v. Calcasieu Paper Co., 229 La. 702, 86 So.2d 540, in which the court ordered a remand even though the motion and supporting report of a physician was not filed until after the judgment of the Court of Appeal affirming the judgment dismissing plaintiff’s suit, and, indeed, after the time for filing applications for rehearing had expired.
Finally, it is pertinent to observe that the utmost liberality, under legislative direction and judicial pronouncement, is accorded in connection with suits for compensation. It may be considered as a well-established principle that a claimant should be accorded the fullest opportunity to establish his claim in order to avoid, insofar as possible, a grave injustice which vitally affects the individual.
Counsel for defendants have further strenuously opposed the motion to remand on the ground that the operative report does not disclose the existence of disability and that the report lacks any probative force and effect. While solely upon the face of the report we might be inclined to agree with this conclusion, we feel that we must, nevertheless, refrain from the expression of any opinion until the report has been interpreted and evaluated by medical experts competent to express an opinion thereon. We do not think we are qualified in this respect, and we refuse to accept a gratuitous burden of responsibility which we are not justified, by training, experience or specialized education, to discharge.
Unquestionably, counsel for defendants are correct in urging that the operative report and its findings are not shown to be connected with the accident and plaintiff’s resulting injury. But this is true only to a limited extent in view of the fact that plaintiff has not been given the opportunity to attempt to establish such a connection.
For the reasons assigned the judgment appealed from is annulled and set aside and
It is now ordered that this case be and it is remanded to the Honorable the Eleventh Judicial District Court in and for the Parish of De Soto for the purpose of introducing medical evidence discovered subsequent to the rendition of judgment and, particularly, evidence with reference to an operation performed on plaintiff on or about December 17, 1957, together with such other medical evidence and testimony as may be competent, material and relevant to plaintiff’s injury and disability. The right of defendants to introduce evidence and testimony in rebuttal of that which may be tendered by plaintiff is specifically preserved,
It is further ordered that costs of this appeal be taxed against defendant-appel-lees and that all other costs shall await final disposition hereof.