HARDY, Judge.
This is a devolutive appeal by the defendant, Alvin Austin, from a default judgment of the Second Judicial District Court in and for Claiborne Parish, Louisiana, which was rendered, signed and filed on March 14, 1958
The record discloses that by petition filed June 29, 1957, plaintiffs instituted suit .against certain named defendants, including this appellant, for damages in the principal sum of $905 resulting from wrongful cutting and removal of timber from plaintiff’s lands. The minutes of court dated December 3, 1957, show that on motion of 'Counsel, who originally represented all defendants, his name was stricken from the ■record as attorney for this defendant-.appellant, Alvin Austin, and it does not appear that thereafter the said defendant was represented by counsel. By motion and ■order of date December 6, 1957, plaintiff’s •suit was dismissed as against all defendants save and except Alvin Austin. Preliminary default was entered against Alvin Austin on February 14, 1956, and, as above •noted, judgment confirming the default was • entered on March 14, 1958, in which plaintiffs were awarded judgment against Alvin Austin in the principal sum of $905, less a ■ credit of $300 theretofore paid appellee by the other parties originally joined as defendants.
The judgment against Alvin Austin bears :the following notation:
“By virtue of an order dated May 14th, 1958, signed by W. D. Goff, Jr., Attorney, authorizing and directing the cancellation of this, as same has been paid in full, said judgment is hereby cancelled. This May 17th, 1958.
“(Signed) J. J. Smith
“Clerk of Court”
By motion and order entered October 17, 1958, the defendant, Alvin Austin, was granted a devolutive appeal to this court.
In this court plaintiffs-appellees have filed a motion to dismiss the appeal on the ground that defendant-appellant has acquiesced in the judgment rendered against him by the voluntary payment thereof, as appears from the cancellation of the judgment above noted.
Appellant has filed a motion to remand which is based principally upon the contention that he has not been accorded his day in court, and which motion further denies appellant’s acquiescence in the judgment.
The only question is whether, upon the basis of facts reflected by the record, the defendant has forfeited his right to an appeal under the express provisions of Article 567 of the Code of Practice which reads:
“The party against whom judgment has been rendered can not appeal:
“1. If such judgment have been confessed by him, or if he have acquiesced in the same, by executing it voluntarily.”
In Gibbs v. Tourres, La.App., 43 So.2d 301, 302, this court refused to dismiss an appeal on the ground of acquiescence by payment because the payment— “ * * * was expressly made without prejudice to the appeal, and was accepted by appellee under that reservation; that appellants did not intend to, nor have they, in reality, acquiesced in the judgment.”
The case was remanded in order to permit the introduction of evidence bearing upon the above quoted factual issue.
In the instant case there is no allegation that appellants’ payment of the judgment was made under protest and with express reservation of his right to appeal, and it can only be concluded that such reservations were not made.
*824 While courts zealously preserve and enforce the right of appeal, and are exceedingly loath to deny such right to a party litigant, they are not at liberty, under the guise of equity, to enforce such a right in the face of the clear codal provision above noted.
There is no showing in the record before us that appellant’s payment of the judgment was subject to any reservation of his right to appeal and it follows that the motion to dismiss must be sustained.
For the reasons assigned the appeal is ■' dismissed at appellant’s cost.