TATE, Judge.
This suit is for workmen’s compensation benefits. The injured employee’s compensation award was limited in duration to May 22, 1958. By this appeal, he seeks ah increase based upon alleged disability continuing beyond this date. His employer and its compensation insurer, the defendants-appellees, filed a motion to dismiss the appeal. In the alternative, by answer they *600 pray for reversal of the judgment below and for the dismissal of plaintiff’s suit.
Defendants-appellees moved to dismiss plaintiff’s appeal because, following judgment- rendered against them, they paid and plaintiff accepted the full amount of compensation awarded through May 22, 1958, with no reservation of the right to appeal by any party.
This motion is based upon C.P. Art. 567 which provides that “the party against whom judgment has been rendered cannot appeal * * * if he have acquiesced in the same, by executing it voluntarily. * * * ” (Italics ours.)
 Since Foster & Glassell Co. v. Harrison, 173 La. 550, 138 So. 99, it is well settled that a plaintiff who executes upon or receives payment of so much of a monetary award as is in his favor does not by so doing acquiesce in the judgment so as to prevent his appealing from the rejection of part of his demand. Likewise, a compensation claimant who voluntarily accepts payment of a judgment granting him a limited amount of compensation may nevertheless appeal from said judgment and obtain an increase in the compensation benefits awarded. Cory v. Askew, 169 La. 479, 125 So. 455; Trimble v. Employers Mut. Cas. Co., La.App. 1 Cir., 32 So.2d 479; Grigsby v. Texas Co., 2 Cir., 14 La.App. 689, 130 So. 871.
The case of Lacy v. Employers Mut. Liab. Inc. Co., 233 La. 712, 98 So.2d 162, cited to-us by defendants-appellees, is not authority to the contrary. That case simply held that a claimant is unable to reopen under LSA-R.S. 23:1331 a judgment where the duration of his incapacity has been fixed at less than six months and which he has executed by accepting all compensation due thereunder. . ’
However, the voluntary payment by defendants-appellees of the judgment against them (without reservation of their right to appeal, Gibbs v. Tourres, La.App. 2 Cir., 50 So.2d 652; Blanchard v. Donaldsonville Motors Co., La.App. 1 Cir., 176 So. 669), does under Code of Practice 567 constitute an acquiescence in the judgment to the extent that said judgment overruled its plea of prescription and awarded the plaintiff compensation up through May 22, 1958. We are thus unable to consider defendants’ answer to the appeal insofar as it seeks a reversal of the judgment adverse to them rendered below.
As our brothers of the Second Circuit stated in Griffis v. Harmon & Crane, La.App. 2 Cir., 108 So.2d 822, in similarly refusing to consider the request for appellate relief on the part of a party who voluntarily executed in a judgment rendered against her, 108 So.2d 824:
“While courts zealously preserve and enforce the right of appeal, and are exceedingly loath to deny such right to a party litigant, they are not at liberty, under the guise of equity, to enforce such a right in the face of the clear codal provision above noted [C. P. Art. 567, subd. 1].”
Thus the sole question before us concerns whether the plaintiff is entitled-to have increased the award of workmen’s compensation benefits to him.
The evidence shows that the plaintiff employee injured his back lifting some planking at work on January 25, 1956. He was treated by the company physician for back strain and was discharged as fully cured as of April 1, 1956, through which date weekly compensation was paid.
Thereafter, no physician or medical specialist of the several examining the plaintiff was able to ascribe a work-related cause to his continued complaints of pain and disability until September 21, 1956.[1] Then, at the Charity Hospital at New Orleans *601 after repeated re-examinations, the cause of his continuing complaints was ascribed to a possible ruptured intervertebral disc.
On October 2, 1956, plaintiff submitted to operation at Charity Hospital. In the operation, which included an incision into the back, protruding disc material was found within and removed from the fifth inter-space of the vertebrae of the spine. The post-operative diagnosis of the operating physicians was “Herniated nucleus polpo-sis at L5 and S-l.”
It is uncontested that such an injury is disabling and was consistent with the lifting accident sustained by plaintiff. Defendants’ chief defense was based upon the testimony of a certain Dr. Irving Cahen of New Orleans, who examined plaintiff after the operation and whose findings, although ascribing exaggeration by plaintiff of his symptoms, did not deny plaintiff’s present disability.
Instead, the chief thrust of this ortho■pedist’s testimony is that he himself would not have operated upon plaintiff on the basis of his pre-existing symptoms, and his opinion that there were discrepancies in the findings of the operating physicians. Such alleged discrepancies may be summarized by Dr. Cahen’s observation that his own subsequent X-rays would indicate that the disc tissue removed was from the fourth rather than the fifth interspace, and that he felt from the findings of the operating physicians that what was involved was a bulging rather than a herniated disc— which his and the other medical testimony indicates to be equally disabling when pressing on a nerve. The record is barren of any suggestion that the traumatic cause of such a disc condition (whether merely bulging or actually completely herniated) would not be identical.
In limiting compensation to May 22, 1958, the date that plaintiff was discharged from further treatment by Charity Hospital, our learned trial brother relied upon the observation by the examining physician that plaintiff was exaggerating his symptoms and the physician’s bald conclusion, “I believe this man could work”, without elaboration as to whether the duties the plaintiff was allegedly able to perform were similar to those of the occupation in which injured rather than being of a lighter or different nature.
Such medical opinion is not sufficient to preponderate over the strong, detailed, and otherwise uncontradicted testimony of two physicians with considerable industrial and other experience who examined the claimant before and after May 22nd. These doctors found that, as is a normal residual of plaintiff’s condition and the surgery, plaintiff was and will be permanently unable to perform manual labors involving lifting or work requiring him to be on his feet for any length of time.
It is well settled that, within the meaning of the compensation act, a claimant is totally disabled if he is unable as a result of a work-caused accident to perform the substantial duties of the occupation in which injured, despite his ability to earn a living at other less laborious duties. See e. g., Reed v. Calcasieu Paper Co., 233 La. 747, 98 So.2d 175; Thomas v. Crown-Zellerbach Corp., La.App. 1 Cir., 101 So.2d 478; Cummings v. Albert, La.App. 1 Cir., 86 So.2d 727. Plaintiff is therefore entitled to have the judgment amended so as to award him compensation for total and permanent disability (i. e., for a period not exceeding 400 weeks in all) at the weekly rate demanded in his petition, $21.16.
*602 For the foregoing reasons, the judgment of the district court herein is amended so as to award plaintiff further compensation during disability at the rate of $21.16 per week from May 22, 1958, together with legal interest upon unpaid compensation from date of delinquency until paid; with the proviso that the weekly compensation awarded is for a period not to exceed 400 weeks in all, including the weeks for which compensation has already been paid.
Amended and affirmed.

. Since no doctor could ascribe any work-related cause to plaintiff’s symptoms between April 1, 1956, and September 21, 1956, the trial' court overruled defendants’ plea of prescription to suit filed on April 6, 1957 (i.e., more than one. year *601 after the last compensation payment but within two years of the accident) on the 1 ¡ground that the plaintiff’s continued disability was not manifest until September 21, 1956. Morgan v. Rust Engineering, La.App., Orleans, 52 So.2d 86; Comment, “Workmen’s Compensation Claimants’ Latent or Unknown Injuries — Prescription,” 12 La.L.Rev. 73 (1951). We do not reach a review of this issue because of .our holding that the defendants-appellees acquiesced in the trial court judgment overruling their plea of prescription.