TATE, Judge.
By his petition the plaintiff seeks to modify a prior compensation award in his favor, alleging that his “incapacity and disability have, since the rendition of the said judgment [awarding compensation], continued and increased.” He appeals from a judgment which sustained exceptions of no cause of action and of res judicata and which dismissed this petition.
The plaintiff was on October 9, 1956 disabled by accident while working for the defendant’s insured. Compensation payments to him were terminated on January 7, • 1957, whereupon in March of 1957 he brought suit. On March 7, 195S, the trial court awarded him additional compensation of nearly five months, decreeing that the claimant’s disability had ended on June 4, 1957. He appealed, contending greater disability, but we in March 1959 affirmed this holding. La.App., 110 So.2d 188.
Immediately thereafter, on April 6, 1959, the claimant filed this petition for modification of the earlier compensation award, relying upon LSA-R.S. 23 :1331, which pertinently provides:
*274 " * * * At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased * * (Italics ours.)
Pointing out that the judgment of March 1958, which the plaintiff by the present proceeding seeks to modify, had awarded compensation only for five months and that this period had expired before the rendition of the said judgment, the trial court dismissed the claimant’s petition for modification upon the authority of the recent pronouncement by our Supreme Court in Lacy v. Employers Mut. Liab. Ins. Co., 233 La. 712, 98 So.2d 162, 166 that: “* * * in cases where the judgment of the trial court fixes with definiteness the duration of the employee’s incapacity to work to be a period of less than six months from the date of its rendition, such a judgment is not within the purview of R.S. 23:1331 and may not be modified under allegations that the incapacity resulting from the accident has since increased or diminished.”
In the Lacy case, the claimant had executed a judgment awarding him 21 weeks’ compensation by accepting all compensation due thereunder. Since in the present case the claimant refused to execute the original judgment herein and to accept the compensation awarded thereupon, but instead filed this petition for modification, the claimant’s able counsel urges that the facts of the present case are distinguishable from those of the Lacy case and that this court is not bound by what is actually obiter dicta of the Supreme Court in that decision.
While it is true, as able counsel for the appellant contends, that the actual holding of the Lacy case is that a claimant is unable to reopen a compensation judgment “where the duration of his incapacity has been fixed at less than six months and which he has executed by accepting all compensation due thereunder” (Washington v. Independence Oak Flooring Co., La.App. 1 Cir., 114 So.2d 599, 600), we feel that the positive and reiterated language of the Lacy case indicates that the Supreme Court intended to hold, ;ts a controlling basis of its decision, that a judgment awarding compensation for less than six months is not subject to modification under LSA-R.S. 23 :1331.
It is quite true, as counsel contends, that the holding of the Lacy case has been criticized as ultra-technical and as entirely inconsistent with the intent and scheme of our workmen’s compensation act. See, e. g., Professor Wex Malone’s critique of the decision in “The Work of the Louisiana Supreme Court for the 1957-1958 Term”, 19 La.L.Rev. 294 (1959) at 345-346. We ourselves note that the holding that a claimant has executed a compensation award by accepting the final payment due under it and thus loses his right to reopen it, seems to be inconsistent with the uniform jurisprudence that for purposes of appeal a compensation judgment is not executed by such acceptance and that, therefore, “a compensation claimant who voluntarily accepts payment of a judgment granting him a limited amount of compensation may nevertheless appeal from said judgment and obtain an increase in the compensation benefits awarded,” Washington v. Independence Oak Flooring Co., above cited, at 114 So.2d 600 (certiorari denied). (This jurisprudence, if pertinent, does not seem to have been called to the attention of our Supreme Court at the time it rendered the Lacy case.)
But however possible or however probable it may be that the Supreme Court may reach a different conclusion than it did in the Lacy case if afforded an opportunity for more extensive, study of the problems created by its holding(s) therein, as an inferior tribunal we must follow our state’s highest court’s considered interpretation of *275 the section in question of our state compensation act.
For the foregoing reasons, the judgment dismissing the plaintiff’s petition is
Affirmed.