147 So.2d 773 (1962)
Raoul FONTENOT, Plaintiff-Appellant,
v.
CENTRAL LOUISIANA ELECTRIC COMPANY and Asplundh Tree Expert Company, Defendants-Appellees.
No. 707.
Court of Appeal of Louisiana, Third Circuit.
December 18, 1962.
*774 Preston N. Aucoin, Ville Platte, for plaintiff-appellant.
Voorhies, Labbe, Voorhies, Fontenot & Leonard, by H. Lee Leonard and J. Winston Fontenot, Lafayette, for defendants-appellees.
Before FRUGÉ, HOOD and CULPEPPER, JJ.
FRUGÉ, Judge.
This is a suit for damages instituted by Raoul Fontenot arising out of an alleged trespass upon his property and for property damages to two oak trees which were allegedly cut by defendant, Asplundh Tree Expert Company, without plaintiff's permission. Judgment was rendered in the lower court in favor of defendants and plaintiff has appealed suspensively.
The facts, in the instant case, are relatively simple and for the most part undisputed. It appears that Asplundh Tree Expert Company, under contract with Central Louisiana Electric Company, was trimming trees that had extended to the electric lines of Central Louisiana Electric Company on Beauregard Street in the town of Ville Platte, Louisiana. In the course of this work, several branches on two oak trees located on the premises of plaintiff were cut. These branches extended onto the property of the Town of Ville Platte and within the road right of way, where defendant, Central Louisiana Electric Company had been granted a franchise to erect electric lines. Plaintiff contends that this cutting was done without his knowledge or consent. Defendants contend that plaintiff's wife had given permission to cut the branches from these trees. Therein lies the dispute insofar as the facts are concerned.
Turning then to the legal issues involved, plaintiff urges that notwithstanding that his wife may have given permission to cut branches from the trees in question, she was without authority to grant such permission. In support of this contention, learned counsel for plaintiff submits that since the legislature has designated standing timber an immovable it cannot be alienated or otherwise disposed of except by written consent of the husband. LSA-R.S. 9:1103.
Defendants, on the other hand, contend that permission from either husband or wife was not necessary to cut branches extending onto the right of way where their power lines were located, although they urge that the record and testimony fully supports the conclusion that the wife did in fact give permission to cut these branches.
In most jurisdictions, if roots of a tree invade or branches of a tree overhang an adjoining tract, the remedy of self-help is available to the adjoining landowner. Thus, in Vol. 2, C.J.S. Adjoining Landowners p. 33, we find:
"A landowner who sustains injury by the branches or roots of a tree or plant on adjoining land intruding into his domain, * * * may, without notice if he has not encouraged the maintenance of such conditions, and with notice if he has, cut off the offending branches or roots at the line * * *."
In Louisiana, a landowner is under a duty not to plant on the boundary line *775 trees which may cause injury to the adjoining landowner. In this regard, LSA-C.C. Art. 691 provides:
"Every proprietor in the cities, towns or suburbs of this State, is forbidden to plant on the boundary line which separates his estate from that of his neighbor, trees which may be of any injury whatsoever to his neighbor.
"And if his neighbor suffers any damage from them, he can oblige the owner to have them torn up or the branches of them cut off, which extend over his estate.
"If the roots only extend themselves on his estate, the neighbor has the right to cut them up himself."
This article and the cases interpreting it clearly pronounce that where overhanging branches cause damage to an adjoining landowner, he can require the landowner to have the overhanging branches cut back to the boundary. Bright v. Bell, 117 La. 947, 42 So. 436; Gibbs v. Tourres, La.App., 50 So.2d 652; Kendall v. People's Gas & Fuel Co., La.App., 158 So. 254; Note, 8 La.L.Rev. 147, 149. However, other cases clearly prohibit a landowner from cutting overhanging branches himself. Tissot v. Great Southern Telephone & Telegraph Co., 39 La.Ann. 996, 3 So. 261; Oglesby v. Town of Winnfield, La.App., 27 So.2d 137; City of New Orleans v. Shreveport Oil Co., 170 La. 432, 128 So. 35.
Thus, in the instant case, while the defendant, Central Louisiana Electric Company, could require plaintiff to trim the branches of his trees insofar as they encroached over the property line of the Town of Ville Platte; it could not avail itself of self-help. The question to be decided then evolves as to whether the employees of Asplundh Tree Expert Company obtained permission before cutting the branches from plaintiff's trees.
Although counsel for plaintiff argues to the contrary, we are of the opinion that the preponderance of the evidence and testimony adduced upon trial of this matter supports the conclusion that the defendant, Asplundh Tree Expert Company, obtained permission from plaintiff's wife before cutting branches from his trees. Furthermore, there is no indication that any unnecessary trimming was performed or that care was not taken to minimize damage to plaintiff's trees. Accordingly, we are of the opinion that defendants validly exercised their right of having plaintiff's overhanging branches removed after duly obtaining permission from plaintiff's wife.
Learned counsel for plaintiff contends that a wife cannot give permission to anyone to cut branches from trees belonging to the community of acquets and gains, citing LSA-C.C. Art. 2404. Furthermore, it is urged that under the positive provisions of LSA-R.S. 9:1103 and LSA-C.C. Art. 2275 the granting of permission to cut branches from trees would have to be in writing.
While the obvious purpose of LSA-R.S. 9:1103 was to create a separate and distinct timber estate, which would be subject to all of the laws relative to immovables, we find it inconceivable that the legislature intended that the cutting of branches should likewise be subject to the laws governing immovables. It necessarily follows that LSA-C.C. Art. 2275, which requires that the transfer of immovable property be in writing has no application in the case at bar. Similarly, the authority of the wife to grant permission to cut overhanging branches does not fall within the ambit of LSA-C.C. Art. 2404, since such action on the part of a wife in no way alienates the goods of the community of gains.
For the reasons assigned herein, judgment of the trial court is affirmed; plaintiff to pay all costs of this appeal and of these proceedings.
Affirmed.