181 So.2d 318 (1965)
Darcy Floyd ROBINSON, Plaintiff-Appellant,
v.
The FIDELITY & CASUALTY COMPANY OF NEW YORK, Defendant-Appellee.
No. 1572.
Court of Appeal of Louisiana, Third Circuit.
November 30, 1965.
Rehearing Denied January 11, 1966.
*319 Edwards & Edwards, by Nolan J. Edwards, Crowley, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe, by John G. Torian, II, Lafayette, for defendant-appellee.
Before TATE, SAVOY, and CULPEPPER, JJ.
TATE, Judge.
The plaintiff allegedly suffered a back injury at work on February 3, 1964. He sues his employer's insurer for workmen's compensation benefits. His employer intervened to resist the claimant's demand.
The plaintiff appeals as insufficient an award to him of approximately six weeks compensation through March 16, 1964. The appellees, the employer and its insurer, answer his appeal that such award be reversed and pray the plaintiff's claim be entirely dismissed.
We have decided that these proceedings should be remanded to permit the plaintiff-appellant to produce further evidence of his alleged continuing disability. Although in our view this disposition presents the principal question of this appeal, we think it appropriate first to dispose of other contentions of the parties.
1. The appellees' contention that the accident at work is not sufficiently proven.
The appellees contend that the trial court erred in finding that the plaintiff had proved a disabling back injury at work on February 3rd and in awarding his compensation for disability through March 16th.
In so arguing, the employer-appellee points to certain suspicious circumstances as indicating the probable falsity of the plaintiff's complaint that a strain at work caused back pain which increased in severity during the following hours: (1) the alleged accident occurred on the plaintiff's first and only day of work; (2) he had sustained a previous back injury in 1959, which he willfully concealed in his application for employment; (3) when the claimant left work following his discharge at the end of the day, he did not inform his foreman or his coworkers of his back pain.
Against this, on the other hand, the evidence indicates: (1) that after recovering from his 1959 back injury (which was settled for $1,300 in 1960) the plaintiff worked without disability for three or four years; (2) the claimant was examined by a physician on February 2nd, the day before he reported for work, who found no evidence of disability, Tr. 268, also D-1 Tr. 99; (3) as testified by the claimant and his wife, the pain became increasingly severe during the night following the claimant's return from work, causing him to report to a local physician for treatment immediately on the following morning, February 4th (4) who found objective evidence (marked muscle spasm, etc.) of back injury and hospitalized the claimant under traction for six days, diagnosing a muscle sprain.
*320 The doctor subsequently discharged the claimant as cured of disability on March 16, 1964.
We find no error in the trial court's finding that under the above evidence the plaintiff had sufficiently proved his disability through March 16th. We affirm the award of compensation through such date.
2. The plaintiff-appellant's contention that the trial court should have awarded compensation for total and permanent disability.
The plaintiff-appellant contends, however, that the trial court, having found the plaintiff initially disabled by the accident at work, erred in failing to find the plaintiff totally and permanently disabled.
In failing to do so, the trial court accepted as preponderating the testimony of two orthopedists (who saw the claimant once and twice respectively) that they found no evidence of disability, thus corroborating the initial attending physician who had discharged the claimant as cured some six weeks after the trial (but who had never examined the plaintiff thereafter, the trial being held nearly a year later). Under the present record, we find no error in the trial court's finding that the preponderance of the medical evidence, as just summarized, indicated no residual disability, with the trial court rejecting as inconclusive the testimony (a) of another general practitioner who had subsequently treated the claimant and (b) of Dr. Homer D. Kirgis, a neurosurgeon, whom the trial court noted "saw plaintiff only once." Tr. 164.
3. The remand of the case.
When the proceedings came to trial, the plaintiff applied for the court to order further medical examination, with the plaintiff being willing to submit to a myelogram to determine whether a disc involvement was the cause of his continuing complaints of pain. This application was denied. After the trial court had rendered judgment holding that the claimant had not preponderantly proven continuing disability, the claimant applied for a new trial; and while this application was pending, underwent further and prolonged medical examination. For the reasons to be stated, we think the showing made by this subsequent examination is sufficient to justify the exercise of our discretionary power to remand these proceedings for further evidence in the interests of justice. LSA-CCP Art. 2164.
While the plaintiff's application for a new trial was pending, the plaintiff at his own expense was hospitalized and examined from April 29, 1965, to May 11, 1965 at Ochsner Foundation Hospital. On the basis of the thorough tests there conducted, including discograms, Dr. Kirgis (the neurosurgeon who had examined him once before the trial) definitely found some disruption or disorder in the third lumbar disc as the cause of the plaintiff's complaints of pain and his inability to perform manual labor. The plaintiff then took Dr. Kirgis's testimony by deposition and attached it to a memorandum in support of his application for a new trial.
Pretermitting whether the trial court erred in failing to grant a new trial, we think that sufficient showing has been made by this deposition in order to justify our application of the special paternalistic rule in workmen's compensation cases that, to prevent a truly injured workman from forever losing his day in court, the appeal may be remanded for further evidence if there is a showing by medical reports or otherwise which reasonably indicates a continued or recurrent work-caused disability persisting beyond the date to which the trial court's original judgment allowed compensation. Wade v. Calcasieu Paper Co., Inc., 229 La. 702, 86 So.2d 540; Washington v. Hendrix Manufacturing Co., La. App. 2 Cir., 106 So.2d 528; McMurray v. United States F. & G. Co., La.App. 2 Cir., 99 So.2d 473; Newman v. Zurich General *321 Accident & Liability Insurance Co., La. App. 1 Cir., 87 So.2d 230; Betz v. Travelers Insurance Co., La.App. 1 Cir., 68 So.2d 666; Barnes v. American Mutual Liability Insurance Co., La.App. 1 Cir., 62 So.2d 843; McClung v. Delta Shipbuilding Co., La.App. Orl., 33 So.2d 438; Vilce v. Travelers Insurance Co., La.App. 1 Cir., 18 So.2d 243, See also Rawls v. Dixie Drilling Co., La. App. 3 Cir., 161 So.2d 417 (syllabus 5).
There is no showing that the claimant could not with sufficient diligence (or funds) have procured such medical examinations earlier, but this is not fatal to the remand. See, e. g., Wade v. Calcasieu Paper Co., 229 La. 702, 86 So.2d 540. A remand may nevertheless be ordered to prevent a truly disabled workman from receiving compensation to which he may be entitled, in view of the paternalistic aims of the workmen's compensation statute. Unlike an employer who can reopen an adverse award six months later, a disabled claimant to whom compensation is awarded for less than six months may forever lose his right to further compensation even though subsequent evidence might indicate that the work-caused disability truly persisted for longer, see Lacy v. Employers Mutual Liability Insurance Co., 233 La. 712, 98 So.2d 162, Guillory v. Employers Mutual Liability Insurance Co., La.App., 121 So.2d 273, 19 La.L.Rev. 345-346 (1959).
Under all the circumstances, sufficient showing has been made in the present case to justify our exercise of our discretionary power to remand through application of the flexible paternalistic principle stated above. In this regard, we take into consideration that the medical evidence at the trial was fairly evenly balanced, that the pauper plaintiff tendered himself for myelography before the trial (which he could not afford to pay for) which the appellees refused to furnish him, and that the medical examinations by the specialists before the trial were quite limited (being just on one or two occasions by each specialist and then for a limited period) as compared with the extensive examinations and testing which were afforded after the trial, on the basis of which a new trial is prayed for.
In so ordering a remand, we note that this paternalistic principle is not automatically applicable when a post-trial medical examination indicates residual or continued disability. Usually, for instance, before a remand is ordered, the record should affirmatively indicate a hiatus in type or date of examination, taking into consideration the type of injury claimed (cf., Glidden v. Alexandria Concrete Co., 242 La. 625, 137 So.2d 894), or at least a reasonable indication that additional evidence exists which is lacking from the record but which may be sufficient to justify an award of compensation by its supplement of substantial evidence already in the record (cf. Rawls v. Dixie Drilling Co., La.App. 3 Cir., 161 So.2d 417, 422). A showing of merely cumulative additional medical evidence is ordinarily not sufficient to justify a remand by the application of this principle. Jackson v. International Paper Co., La.App. 3 Cir., 163 So.2d 362. In short, the principle is applied exceptionally, not routinely.
Decree.
For the foregoing reasons, we affirm the trial court's award of compensation through March 16, 1964. Insofar as the claim of the plaintiff-appellant for further compensation and medical benefits beyond this date was dismissed, the trial court judgment is annulled and set aside. This case is remanded for further proceedings not inconsistent with the views expressed in this opinion, with any party desiring to do so being accorded the right to introduce additional lay and medical evidence relating to the question of residual disability beyond March 16, 1964. The appellees are to pay the costs to date and of this appeal.
Affirmed in part; reversed and remanded in part.
On Application for Rehearing.
En Banc. Rehearing denied.