MILLER, Judge.
Plaintiff Joseph L. Lewis appeals the judgment rejecting his workmen’s compensation claim against his employer defendant Southwest Food Suppliers, Inc. The trial court’s judgment was based on plaintiff’s failure to prove disability beyond March 4, 1974, when compensation benefits were terminated. We affirm.
In detailed written reasons, the trial court reviewed plaintiff’s contentions, summarized the evidence, stated and followed the applicable law.
Alternatively, plaintiff sought a remand so that he might introduce new evidence. When the case was tried, plaintiff had not seen a physician for several months. Plaintiff did not call two of the five physicians who examined him. His most favorable evidence was from one physician who testified he offered plaintiff a myelogram test but found no clinical basis for plaintiff’s complaints.
In written reasons the trial judge noted plaintiff’s most favorable medical testimony by the physician who testified that if plaintiff’s unaccounted for complaints continued, he would recommend a myelogram to rule out the possibility of disc injury. Another physician testified plaintiff should not be subjected to a myelogram. The trial judge mentioned plaintiff’s failure to take the myelogram. While the case was pending on appeal, plaintiff submitted to myelogram and discogram tests, both of which were negative. Plaintiff filed a supplemental motion to remand for new evidence on this issue. He alleges his phy *65 sician stated that he had four to six weeks disability following the recent tests.
Since there is no medical evidence to support plaintiffs claim that his job related disability extended beyond March 4, 1974, we find no basis to reverse the trial judge’s determination or to remand for another trial.
Robinson v. Fidelity & Casualty Co. of New York, 181 So.2d 318 (La.App. 3 Cir.1965) is distinguished. There plaintiff requested a myelogram before trial. Here plaintiff made no effort to obtain a myelo-gram prior to the trial court’s judgment.
The judgment is affirmed at appellant’s costs.
Affirmed.